UGOCHI ANAEBERE-NICHOLSON (SBN 234069)
KENNETH W. BABCOCK (SBN 100183)
PUBLIC LAW CENTER
601 Civic Center Drive West
Santa Ana, CA 92701
Telephone: 714-541-1010, ext. 280; Facsimile: 714-541-5157
Email: unicholson@publiclawcenter.org

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORANGE COUNTY CATHOLIC WORKER, an unincorporated association; Lisa Bell, Shawn Carroll, Melissa Fields, Larry Ford, Cameron Ralston, Kathy Schuler, Gloria Shoemake, as individuals;<br><br>Plaintiffs,<br><br>v.<br><br>ORANGE COUNTY, the City of Anaheim, the City of Costa Mesa, and the City of Orange,<br><br>Defendants. | Case No.: 8:18-cv-00155-DOC-(KESx)<br><br>BRIEF OF *AMICI CURIAE* THE PUBLIC LAW CENTER AND THE KENNEDY COMMISSION IN SUPPORT OF PLAINTIFFS' APPLICATION FOR A PRELIMINARY INJUNCTION<br><br>[Honorable David O. Carter]<br><br>Complaint Filed: January 29, 2018<br>Trial Date: None Set<br>Hearing Date: February 13, 2018 |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

///

///

///

///

Pursuant to the Court's minute order of February 6, 2018 (Document 53), inviting written briefing from any amicus groups which may include "[S]ervice providers… and housing organizations," *Amici Curiae* The Public Law Center and The Kennedy Commission (hereinafter referred to as "*Amici*," unless otherwise noted), hereby submit this Amicus Brief in support of Plaintiffs' Application for a Preliminary Injunction.

Respectfully Submitted,

PUBLIC LAW CENTER

Dated: February 9, 2018

*/s/ Ugochi Anaebere-Nicholson*

By: UGOCHI ANAEBERE-NICHOLSON

AMICUS BRIEF OF THE PUBLIC LAW CENTER AND THE KENNEDY COMMISSION IN SUPPORT OF PLAINTIFFS' APPLICATION FOR A PRELIMINARY INJUNCTION CASE NO. 8:18-cv-00155-DOC-(KESx)

Page 2 of 10

## STATEMENT OF INTEREST OF *AMICI CURIAE*

1. The Public Law Center is a 501(c)(3) nonprofit that has championed the rights of low-income residents in Orange County since 1981. In 2017, Public Law Center staff and volunteers provided over 65,000 hours of free legal services in handling over 4,500 cases benefiting low-income children, adults, and seniors. Public Law Center's services include counseling, individual representation, community education, strategic policy advocacy, and impact litigation to challenge societal injustices. In its Housing and Homelessness Prevention Unit, Public Law Center seeks to empower communities by preventing homelessness, preserving and expanding affordable housing, and protecting the housing rights of low-income families by representing low-income families in housing related matters, advocating for sensible strategies to end homelessness in Orange County, and collaborating with community organizations, statewide advocates, and law firms to push Orange County jurisdictions to create effective housing policies for lower-income individuals and families.

2. The Kennedy Commission is a collaborative of community members that advocates for the production of homes for Orange County families earning less than $20,000 annually. The Kennedy Commission strives to develop solutions to housing needs, affirms the dignity of families with low and extremely low-incomes, and unites communities across Orange County to support the development of homes that are affordable to all residents. Originally convened in 1995 as an all-volunteer organization, and formally incorporated in 2001, The Kennedy Commission was named in memory of Orange County resident Ralph Kennedy, a pioneer of affordable homes and human rights advocacy. Through its extensive network, The Kennedy Commission works at the federal, state, and local level to provide education on housing needs and create public policy that results in the production of affordable housing for families earning less than $20,000 annually in Orange County. The Kennedy Commission has been successful in

partnering with jurisdictions in Orange County to create effective policies that have led to the new construction of 4,000 affordable housing units for lower-income working families in Orange County.

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

*Amici Curiae* The Public Law Center and The Kennedy Commission support the arguments made by Plaintiffs, Orange County Catholic Worker, *et al.*, in their motion. *Amici* respectfully request that the Court grant Plaintiffs' motion because in their respective organizations, *Amici* have observed the increase in enforcement against persons in Orange County who are homeless and who lack affordable housing options. This enforcement includes, but is not limited to, the issuance of infractions and the enactment of misdemeanor anti-loitering, trespassing, "aggressive solicitation," and anti-camping ordinances throughout Orange County. *Amici* submit that these ordinances are not designed to solve the humanitarian crisis of homelessness in Orange County, but are rather designed to criminalize the unavoidable behaviors of homeless people such as sleeping outside or having property and no place to store it. For the reasons set forth below, *Amici* respectfully request that the Court grant Plaintiffs' motion.

## ARGUMENT

In its minute order of February 6, 2018, the Court stated the following concerns with allowing Defendants to continue their actions in evicting residents from the Riverbed:

> "[T]hat persons who leave or are evicted from the Riverbed may subsequently be cited by Defendant Cities under those Cities' anti-camping or anti-loitering laws, even

though those persons may not be able to find a shelter or other place to sleep."[1]

*Amici* share the concerns of the Court and respectfully request the Court grant Plaintiffs' request for a Preliminary Injunction and stop the evictions at the Riverbed because *Amici* has opposed the enactment of anti-camping, "aggressive solicitation," and anti-loitering ordinances in Orange County.[2] In addition, *Amici* has advocated for the increase in and the preservation of affordable housing opportunities in many cities in Orange County, including, but not limited to, Santa Ana, Garden Grove, Costa Mesa, Huntington Beach, Mission Viejo, and Tustin. It is evident Orange County does not want to dedicate any of its vast resources to solve the homelessness crisis, as evidenced by more cities in Orange County moving to enact their own anti-camping and anti-loitering ordinances.[3] Further, *Amici* are informed and believe Orange County has several hundred of millions of dollars that have been earmarked to meet the needs of Orange County's most vulnerable residents, including the homeless, many of whom live at the Riverbed, but Orange County refuses to use these funds to address its homelessness issues.[4]

Moreover, the housing options are abysmal for people in Orange County who reside in low-income communities. A recent study found that Orange County

---

[1] *Orange County Catholic Worker, et al. v. Orange County, et al.*, Case 8:18-cv-00155-DOC-(KESx) (C.D. Cal. 2/6/18) (*citing* Order Setting Injunction Hearing (Dkt. 50).)

[2] Recently, *Amici* has opposed anti-camping and anti-loitering campaigns in these cities: Mission Viejo (September 12, 2017 - Anti-Camping: http://dms.cityofmissionviejo.org/sirepub/cache/2/vfe2he5kjfxvnycxcefpl4yp/313705702082018103101647.PDF); Tustin (November 21, 2017 - Anti-Camping or Vagrancy: http://econnect.tustinca.org/Weblink8/DocView.aspx?id=556440&dbid=0); Santa Ana (October 17, 2017 - "Anti-Camping" http://santaana.granicus.com/MediaPlayer.php?view_id=2&clip_id=1357&meta_id=53331); and Anaheim
(September 12, 2017 Homelessness State of Emergency http://local.anaheim.net/docs_agend/questys_pub/14558/14588/14590/15353/15382/1.%20Resolution15382.pdf)

[3] See San Clemente (Feb. 6, 2018 (First Reading) - Anti-Camping, available at http://www.san-clemente.org/Home/ShowDocument?id=43818 Peace, Morals, and Welfare (no lying down on sidewalks, etc.): http://www.san-clemente.org/Home/ShowDocument?id=43820), last visited on February 6, 2018.

[4] See *Orange County gets $23 million to fight homelessness*, available at https://www.ocregister.com/2018/01/11/187-million-in-federal-grants-coming-to-southern-california-to-help-homeless/, last visited on February 8, 2018; see also *David Ramirez, et al. v. The County of Orange*, No. 2:18-cv-01027 (C.D. Cal. filed Feb. 7, 2018).

needs at least 109,965 more affordable rental homes.[5] Renters need to earn more than 3.5 times the local minimum wage just to afford the base median rent for an apartment in Orange County—which has risen to a staggering average of **$1,950 per month.**[6] The situation for homeless people in Orange County is dire. The Point-In-Time Count for Orange County that took place on January 28, 2017, the most recent for which data is available, registered 4,792 persons who are homeless on any given night, and by all accounts, the numbers are growing. Yet, in response, Orange County only has 1,579 emergency and transitional shelter spots, and many of these are reserved for special populations such as families or survivors of domestic violence. There are no shelters where homeless people can seek refuge, as many of the shelters that are available are over capacity on most nights.[7] Further, the Bridges at Kraemer Place, North Anaheim—Orange County's only year-round emergency shelter and multi-service center—is at capacity. Likewise, the Courtyard, a former open-air bus terminal near Santa Ana's Civic Center that was never intended for human habitation, is also at capacity. While there are armories in Orange County, these facilities are only open at night, and they are extremely limited in their capacity in terms of space. They are also largely unsuitable to meet the needs of persons with disabilities. Moreover, there are approximately 21,000 leased Section 8 households county-wide, but permanent affordable units are generally at full occupancy, with over 90,000 households on the waitlist. The actions by Defendants to forcibly evict residents at the Riverbed come at time when Orange County has refused to invest in solutions to end its homelessness and affordable housing crisis.[8] *Amici* respectfully request that the

---

[5] *Orange County Renters in Crisis: A Call for Action*, California Housing Partnership and Kennedy Commission (Cesar Covarrubias), May 2017, available at https://chpc.net/wp-content/uploads/2017/05/Orange-County-2017.pdf, last visited on February 7, 2018.
[6] *Id.*, emphasis added.
[7] See *An Assessment of Homeless Services in Orange County* (2017), Susan Price, available at http://bos.ocgov.com/ceo/care/HOMELESS%20ASSESSMENT%20DCC%20REPORT_10.18.2015.pdf, last visited on September 8, 2017, pp. 13, 23.
[8] See *Orange County Catholic Worker, et al. v. Orange County, et al.* No. 8:18-cv-00155 (C.D. Cal. filed Jan. 29, 2018); see also *David Ramirez, et al. v. The County of Orange, supra*, No. 2:18-cv-01027 (C.D. Cal. filed Feb. 7, 2018).

Court grant Plaintiffs' motion and enjoin Defendants from causing any more harm to its most vulnerable residents.

At the end of last year, Governor Jerry Brown signed an unprecedented package of laws to address the housing crisis in California. The money raised by the changes in the law, however, will fall short of solving the problem and would require a commitment of local matching funds from Orange County. To keep up with California's growing population, it would need 180,000 new market-rate homes each year. Despite the robust nature of the legislation passed at the state level, it is estimated to raise enough for only 14,000 new units.[9] Additionally, a recent report from HUD found a significant increase in the number of reported persons experiencing unsheltered homelessness, particularly in California where there is a significant lack of affordable housing.[10] This is especially the case in Orange County where the lack of investment in affordable and supportive housing opportunities for low-income communities has unnecessarily compounded and contributed to the homelessness issue and forced people to sleep on the streets.

---

[9] See *Gov. Brown just signed 15 housing bills. Here's how they're supposed to help the affordability crisis*, Los Angeles Times, September 29, 2017, available at http://www.latimes.com/politics/la-pol-ca-housing-legislation-signed-20170929-htmlstory.html, last visited February 8, 2018.

[10] See *San Francisco mulls state of emergency over homelessness. But will it help?* The Guardian, March 10, 2016, available at https://www.theguardian.com/us-news/2016/mar/10/san-francisco-state-of-emergency-homelessness-crisis, last visited on February 8, 2018, citing the statistic that in California, 63.7% of the homeless population lacks shelter; see also *Homelessness Declines in Most Communities of the U.S. With Increase Reported in High-Cost Areas*, HUD-17-109, available at https://www.hud.gov/press/press_releases_media_advisories/2017/HUDNo_17-109, last visited on February 8, 2018 ("HUD's 2017 homeless estimate [533,742 people] points to a significant increase in the number of reported persons experiencing unsheltered homelessness, **particularly in California where there is a significant lack of affordable housing**." (Emphasis added).); United States Department of Housing and Urban Development's The 2017 Annual Homelessness Assessment Report, available at https://www.hudexchange.info/resources/documents/2017-AHAR-Part-1.pdf pdf, last visited on February 8, 2018, at pp. 12, 13, 16-18, 24-29; 47-79 (increase in California for unsheltered populations, including individuals, families with children, youth, and veterans. The areas surveyed in HUD's Report are located in the most populous regions in California, including Sonoma, Santa Clara, San Francisco, Fresno/Madera, Los Angeles, Riverside, **Orange**, and San Diego Counties. These Counties reported a major uptick in the number of unsheltered persons in their populations.)

## CONCLUSION

For these reasons, *Amici* respectfully request that the Court grant Plaintiffs' motion.

Respectfully Submitted,

PUBLIC LAW CENTER

Dated: February 9, 2018

/s/ *Ugochi Anaebere-Nicholson*

By: UGOCHI ANAEBERE-NICHOLSON

## PROOF OF SERVICE

I hereby certify that on February 9, 2018, I caused to be filed electronically via the Court's CM/ECF System, and thereby served on all counsel, a true and correct copy of this Brief of Amici Curiae on the following persons:

Brooke Weitzman, Esq.
William Wise, Esq.
Elder Law and Disability Rights Center
[*Counsel for Plaintiffs, Orange County Catholic Worker, et al.*]

Carol A. Sobel, Esq.
Monique Alarcon, Esq.
Avneet Chatta, Esq.
Law Office of Carol A. Sobel
[*Counsel for Plaintiffs, Orange County Catholic Worker, et al.*]

Paul L. Hoffman, Esq.
Catherine Sweetser, Esq.
Colleen M. Mullen, Esq.
Schonbrun, Seplow, Harris & Hoffman
[*Counsel for Plaintiffs, Orange County Catholic Worker, et al.*]

Leon James Page, Esq.
Marianne Van Riper, Esq.
Laura Knapp, Esq.
Ofc. Orange County Counsel
P.O. Box 1379
Santa Ana, CA 92702
[*Counsel for Defendants, Orange County, et al.*]

Pursuant to L.R. 5-4, a chamber copy of this Amicus Brief was delivered on February 9, 2018, to:

Honorable David O. Carter
Ronald Reagan Federal Building
United States Courthouse
411 West Fourth Street, 9th Floor, Courtroom D
Santa Ana, CA 92701

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed February 9, 2018, at Santa Ana, California.

/s/ *Ugochi Anaebere-Nicholson*
Ugochi Anaebere-Nicholson