Peter Eliasberg (SBN 189110)
Devon Porter (SBN 308365)
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
Los Angeles Office
1313 W. 8th Street, Suite 200
Los Angeles, CA 90017
Telephone: (213) 977-9500
Facsimile:  (213) 977-5299

Ian Matthew Kysel (SBN 316059)
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
Santa Ana Office
1851 E. First Street, Suite 450
Santa Ana, CA 92705
Telephone: (714) 450-3962
Facsimile:  (213) 201-7889

*Attorneys for* Amicus Curiae *American Civil Liberties Union Foundation of Southern California*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ORANGE COUNTY CATHOLIC WORKER, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> ORANGE COUNTY, et al., <br><br> Defendants. | CASE NO. 8:18-cv-00155-DOC-JDE <br><br> **APPLICATION TO APPEAR AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION AND MEMORANDUM OF POINTS AND AUTHORITIES; BRIEF OF *AMICUS CURIAE*** <br><br> Date:  February 13, 2018 <br> Time:  8:00 a.m. <br> Courtroom:  9D <br><br> The Honorable David O. Carter |

# APPLICATION TO APPEAR AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION AND MEMORANDUM OF POINTS AND AUTHORITIES

## I. APPLICANT SHOULD BE PERMITTED TO SERVE AS *AMICUS CURIAE* AS ITS PRESENTATION IS RELEVANT AND HELPFUL FOR THE COURT

The American Civil Liberties Union Foundation of Southern California ("ACLU SoCal") hereby applies to appear as *amicus curiae* in this action and to file one exhibit, a published report of ACLU SoCal's Dignity for All Project, *Nowhere to Live: The Homeless Crisis in Orange County & How to End it*.

Applicant presents this report to aid the Court in its consideration of the Application for a Preliminary Injunction (Dkt. 16) currently before this Court and in response to the Court's request for "testimony and presentation of evidence" and the invitation, in its recent Minute Order Setting Hearing re Plaintiffs' Application and to Show Cause Why Preliminary or Permanent Injunction Should Not Issue, for "written briefing by any amicus groups." Dkt. 50 at p. 2. Applicant intends to present additional information about Orange County's treatment of homeless individuals to help inform the Court's conclusions.[1]

Applicant respectfully presents the Court with ACLU SoCal's report, *Nowhere to Live: The Homeless Crisis in Orange County & How to End it* ("*Nowhere to Live*") and its appendixes (Exhibit 1). *Nowhere to Live* directly bears on "the issues raised by this case, including but not limited to the circumstances faced by Plaintiffs and those living on the Riverbed, details about Defendant Orange County's process for clearing the Riverbed, information about the number and background of homeless persons in Orange County and on the Riverbed specifically, and how much and what

---

[1] ACLU SoCal expects that the Plaintiffs in this matter will separately submit a declaration from Dr. Eve Garrow, Homelessness Policy Analyst & Advocate at ACLU SoCal. ACLU SoCal did not submit Dr. Garrow's Declaration with this brief, as such a declaration would contain testimonial evidence more appropriate for a Party to introduce.

kind of shelter space is currently available." Dkt. 50 at p.2.  Applicant therefore believes this to be "relevant and helpful" information and thus that its serving as *amicus curiae* would be desirable.  *See, e.g., Nat'l Petrochemical & Refiners Ass'n v. Goldstene*, 2010 WL 2228471 (E.D. Cal. June 3, 2010) (collecting relevant cases). *Cf.* F.R.A.P. 29(a)(3)(B).  Material in *Nowhere to Live* specifically addresses the insufficiency of shelter or housing capacity to accommodate those present in the Riverbed; the County and Cities' utter failure to implement the County's plan to end homelessness; the policies and practices of the County and Cities to cite individuals who sleep, rest, or sit in public places or exhibit other behaviors deemed "camping"; and the policies and practices of the County and Cities to order or otherwise compel individuals who are perceived to be homeless to move along (including to more remote and dangerous locations).  Accordingly, material in this report, as discussed in the attached amicus brief, will be "of assistance to the Court in the determination of the substantive issues in this case" (*Am. Trucking Associations, Inc. v. City of Los Angeles*, 2008 WL 4381644 *2 (C.D. Cal. Sept. 4, 2008)), including both the merits of Plaintiffs' claims and the appropriateness of the remedies sought.

Applicant ACLU SoCal has an interest in this action.  Applicant is an organization seeking, through its Dignity For All Campaign, to advance social policy changes needed to end homelessness in Southern California communities and advance human dignity for all.  These changes include expanding access to affordable housing, permanent supportive housing, and medical and mental health care, as well as limiting unlawful government and police practices.  Campaign staff have engaged with lawmakers and policymakers; prepared rigorous research, reports, briefings, and other public education materials.  Applicant has also litigated and is litigating civil rights claims in this Court and the Ninth Circuit on behalf of individuals experiencing homelessness.  For example, Applicant has acted as plaintiffs' Counsel in *Jones v. City of Los Angeles* in District Court and the Court of Appeals, No. CV 03-1142 ER, 2004 WL 7321250 (C.D. Cal. Jan. 27, 2004), *rev'd and remanded*, 444 F.3d 1118

(9th Cir. 2006), *vacated*, 505 F.3d 1006 (9th Cir. 2007); *Glover et al. v. Laguna Beach et al.*, Case No. 8:15-CV-01332-AG-DFM (C.D. Cal); and *Diehl v. the Cty. of Orange*, Case No. 8:17-cv-000246 DOC (KES) (C.D. Cal 2017) (challenging actions by the County of Orange in the Santa Ana Riverbed).

Applicant therefore believes that it can contribute a unique perspective and relevant and helpful information to this action by this filing.

## II. APPLICANT HAS ADVISED COUNSEL FOR ALL PARTIES OF THE SUBSTANCE OF THIS APPLICATION

Pursuant to Local Rule 7-19.1, Applicant has made reasonable, good faith efforts to orally advise counsel for all Parties of the date and substance of the present, proposed, *ex parte* application, as explained below.

Counsel for the Applicant Ian Kysel left a voicemail message for Plaintiffs' counsel, Carol Sobel, on the morning of Friday, February 9, 2018 and followed up with an email to Ms. Sobel. Ms. Sobel consented to the filing in writing in a responsive email. Mr. Kysel spoke with Plaintiffs' counsel Colleen Mullen by phone on the morning of Friday, February 9, 2018; Ms. Mullen consented to the filing orally. Mr. Kysel spoke with Plaintiffs' counsel William Wise by phone on the morning of Friday, February 9, 2018; Mr. Wise consented to the filing orally. Mr. Kysel left a voicemail message for Mark Austin, counsel for the City of Anaheim, on the morning of Friday, February 9, 2018, and followed up by email; Mr. Austin indicated in a responsive email that the City of Anaheim did not oppose. Mr. Kysel spoke with Krista Jee, counsel for the City of Costa Mesa, on the morning of February 9, 2018; Ms. Jee consented to the filing orally, with reference to the Court's having invited submissions by amici. Mr. Kysel left a voicemail for Marianne Van Riper, counsel for the County of Orange, on the morning of February 9, 2018 and followed up by email. Ms. Van Riper contacted Mr. Kysel by phone thereafter and consented to the filing orally, with reference to the Court's having invited submissions by amici,

3

and then sent a confirmatory email to Mr. Kysel reiterating that the County did not oppose the Application.

Mr. Kysel left a voicemail for Wayne Winthers, counsel for the City of Orange, on the morning of February 9, 2018 and followed up by email; Mr. Winthers indicated in a responsive email that the City of Orange opposes the Application.

Further, as required by Local Rule 7-19, the name, address, telephone number and e-mail address of counsel for all Parties is set out as follows:

Counsel for Plaintiffs:

Carol A Sobel, SBN 84483
Monique Amanda Alarcon, SBN SBN 311650
Avneet Singh Chattha, SBN 316545
Law Offices of Carol Sobel
725 Arizona Avenue Suite 300
Santa Monica, CA 90401
310-393-3055
310-451-3858 (fax)
monique.alarcon8@gmail.com
avneet.chattha7@gmail.com
carolsobellaw@gmail.com

Paul L Hoffman, SBN 71244
Colleen Marika Mullen, SBN 299059
Catherine Elizabeth Sweetser, SBN 271142
Schonbrun Seplow Harris and Hoffman LLP
11543 West Olympic Boulevard
Los Angeles, CA 90064
310-396-0731
310-399-7040 (fax)
hoffpaul@aol.com
cmullen@sshhlaw.com
csweetser@sshhlaw.com

Brooke Alyson Weitzman, SBN 301037
William R Wise, Jr., SBN 109468
Elder Law and Disability Rights Center
1535 E 17th Street
Suite 104
Santa Ana, CA 92705
714-617-5353
bweitzman@eldrcenter.org
bwise@eldrcenter.org

Counsel for Defendants:

City of Anaheim
Mark Jason Austin, SBN 208880
Rutan & Tucker
611 Anton Blvd, 14th Floor
Costa Mesa, CA 92626-1931
714-641-5100
maustin@rutan.com

City of Orange
Wayne W Winthers, SBN 134659
Orange City Attorneys Office
Orange Civic Center
300 East Chapman Avenue
Orange, CA 92866-1591
714-744-5580
714-538-7157 (fax)
wwinthers@cityoforange.org

City of Costa Mesa
Krista MacNevin Jee, SBN 198650
Jones and Mayer
3777 North Harbor Boulevard
Fullerton, CA 92835
714-446-1400
714-446-1448 (fax)
kmj@jones-mayer.com

County of Orange
Marianne Van Riper, SBN 136688
Orange County Counsel
 333 West Santa Ava Blvd Ste 407
P O Box 1379
Santa Ana, CA 92702-1379
714-834-3300
714-834-2359 (fax)
marianne.vanriper@coco.ocgov.com

### III.    CONCLUSION

For the foregoing reasons, Applicant respectfully requests that the Court GRANT its Application.

DATED:  February 9, 2018          ACLU FOUNDATION OF SOUTHERN CALIFORNIA

                                  By:      */s/  Peter J. Eliasberg*

                                           PETER J. ELIASBERG
                                           Attorney for Applicant

6

**BRIEF OF *AMICUS CURIAE***

ACLU SoCal's 2016 report, *Nowhere to Live: The Homeless Crisis in Orange County & How to End it* ("*Nowhere to Live*"), describes Orange County's inadequate policies and practices and efforts to address homelessness. The report explains how County and Defendant Cities are failing to provide adequate housing and shelter and how Defendants have, in parallel, criminalized the basic life activities of those experiencing homelessness. Key findings of *Nowhere to Live* relevant to the matter before this Court include:

- As articulated in its "Ten-Year Plan to End Homelessness," Orange County aims to end homelessness using the "Housing First" strategy—that is, housing people in affordable homes with appropriate services as an immediate response to their needs. Yet the County has conspicuously failed to fund or implement this plan.
- To fund their Housing First strategy, the County relies on stagnant, capped, and disappearing federal and state funding sources. These sources do not come close to providing the funding necessary to create the number of permanent housing solutions required to end homelessness in Orange County. The County spends none of its discretionary budget, which it controls, on housing to end homelessness.
- The other key components of the County's plan to end homelessness—namely, outreach to people experiencing homelessness, "coordinated entry" into the homeless services system, and the limited year-round emergency shelter and multi-service center model—has been and will be ineffective to end homelessness if the County does not first invest in sufficient permanent housing options. In particular,

///
///
///

- - The severe shortage of permanent affordable housing options creates a backlog of shelter clients who have nowhere to go when they leave shelter programs. A full 70% of shelter clients exit to the streets or another unknown location. Of the remaining 30%, the vast majority do not end up housed when they leave shelter programs. The County's records show that 12% of shelter clients exit to another emergency shelter and another 11% exit to a program (such as programs for those managing addiction) that includes housing. Only 2% exit to subsidized permanent housing.
  - Research shows that, because of their disabilities, chronically homeless persons often cannot tolerate shelter living or transitional housing programs, which can exacerbate their mental health symptoms.
- The County and 33 out of its 34 city governments (including Defendant cities in this Action—Anaheim, Costa Mesa, and Orange) have responded to homelessness by passing and establishing a pattern or practice of enforcing ordinances, including anti-camping ordinances, that criminalize basic life activities, such as sleeping, sitting, and resting in public places. When homeless individuals engage in sleeping, sitting, or resting in public places, they are cited under these ordinances. Such enforcement forces people fleeing citation for sleeping, sitting, and resting into dangerous and marginal living situations. Criminalization further perpetuates homelessness by saddling people with significant fines, jail time, and criminal records that make it more difficult for them to access needed benefits and services and diverts public resources from real solutions.

*Nowhere to Live* thus addresses key facts underlying Plaintiffs' claims in this matter and supports Plaintiffs' prayer for a Preliminary Injunction to enjoin unlawful conduct by Defendants.

///

///

Case 8:18-cv-00155-DOC-JDE   Document 71   Filed 02/09/18   Page 10 of 10   Page ID #:1251

For the foregoing reasons, Amicus Curiae ACLU of Southern California respectfully urges the Court to grant the relief sought by Plaintiffs.

DATED: February 9, 2018        ACLU FOUNDATION OF SOUTHERN CALIFORNIA

By:   */s/  Peter J. Eliasberg*
PETER J. ELIASBERG
Attorney for Amicus Curiae

3