DARREN VERACRUZ (SBN 294575)
MOHAMMED ALY (SBN 312419)
OC POVERTY ALLEVIATION COALITION
635 North Eckhoff St. Suite L
Orange, CA 92686
Telephone: 714-510-2817; Facimile: 714-464-4660
Email: Darren@en-law.com

UNITED STATES DISTRICT COURT FOR

THE CCENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Orange County Catholic Worker, an unincorporated association; Lisa Bell, Shawn Carroll, Melissa Fields, Larry Ford, Cameron Ralston, Kathy Schuler, Gloria Schumake, as individuals:<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF ORANGE, the City of Anaheim, the City of Costa Mesa, and the City of Orange,<br><br>Defendants. | Case No.: 8:18-cv-00155-DOC-JDE<br><br>BRIEF OF *AMICUS CURIAE* ORANGE COUNTY POVERTY ALLEVIATION COALITION IN SUPPORT OF PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION<br><br>Date:        February 13, 2018<br>Time:       8:00 a.m.<br>Courtroom:      9D<br><br>The Honorable David O. Carter |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Pursuant to the Court's minute order of February 6, 2018 (Document 53), inviting written briefing from any amicus groups which may include "[s]ervice providers…and housing organizations," *Amicus Curiae* Orange County Poverty Alleviation Coalition (hereinafter referred to as "*Amicus*" unless otherwise noted), respectfully submits this Amicus Brief in support of Plaintiff's Ex Parte Application for a Temporary Restraining Order.

                                                  Respectfully Submitted,

                                                  OC POVERTY ALLEVIATION COALITION

Dated: February 12, 2018

                                                  */s/ Darren Veracruz*

                                                  By: DARREN VERACRUZ

AMICUS BFIEF OF OC POVERTY ALLEVIATION COALITION IN SUPPORT OF PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER CASE NO.: 8:18-cv-00155-DOC-JDE

1

### STATEMENT OF INTEREST OF AMICUS CURIAE

Orange County Poverty Alleviation Coalition is a 501(c)(3) nonprofit that mobilizes people and resources to address the unconscionable costs of local poverty. Founded in 2017, this community-based organization has organized politically around the Santa Ana Riverbed encampments since its inception. *Amicus'* driving principle is that there is no substitute for lived experience, and as such, this organization has uniquely empowered the homeless community in the Injunction Area to advocate for their own interests. *Amicus* has developed relationships with that community, provided for their necessities, and facilitated their involvement in public meetings. Supervisor Todd Spitzer, a member of Defendant County of Orange's Board of Supervisors, recognizes *Amicus* as a catalyst for offering a contract to the nonprofit City Net to service the Injunction Area.[1]

### MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

*Amicus* Orange County Poverty Alleviation Coalition supports the application made by Plaintiffs, Orange County Catholic Worker, et al., and rejects the notion that Defendants will alleviate environmental damage, unsanitary condition, or criminal activity by eradicating the Riverbed encampments while providing no alternative.  For the reasons set forth below, *Amicus* respectfully requests that the Court grants Plaintiffs' application.

### ARGUMENT

*Amicus* knows that Defendant County of Orange has long planned and prepared to evict homeless individuals from the Injunction Area, regardless of their alleged unwillingness to accept services. At the Orange County Board of Supervisors' public meeting on June 6, 2017, during the same session in which it authorized a sole-source contract for the nonprofit City Net to offer case management services in the Santa Ana Riverbed, the County of Orange, acting as the Flood Control District, voted unanimously to "approve aggregate agreements... with Valley Cities Gonzales Fence, Inc. and Quality Fence Co., Inc. for fence and gate maintenance services, ($3,615,000)."[2]

---

[1] Jordan Graham, *Santa Ana riverbed homeless to get toilets, showers while supervisors work on plan to move them out,* OC Register, (June 6, 2017), https://www.ocregister.com/2017/06/06/santa-ana-riverbed-homeless-to-get-toilets-showers-while-supervisors-work-on-plan-to-move-them-out/. (Mohammed Aly, the founder of the Orange County Poverty Alleviation Coalition and the man Spitzer credits as a catalyst for the proposal, said Tuesday's action shows the county has finally displayed an understanding of what is necessary to help end homelessness.)

[2] See Orange County Board of Supervisors (June 6, 2017, *48. Approve aggregate agreements MA-080-17011587 with Valley Cities Gonzales Fence, Inc. and Quality Fence Co., Inc. for fence and gate maintenance services, 7/1/17*

AMICUS BFIEF OF OC POVERTY ALLEVIATION COALITION IN SUPPORT OF PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER CASE NO.: 8:18-cv-00155-DOC-JDE

Defendant County of Orange purchased this fencing to allow Orange County Public Works to eradicate encampments along the Santa Ana River. As the investigative news agency *Voice of OC* reports, Orange County Public Works' General Maintenance Manager Phil Jones publicly presented on the "Impacts of the Homeless on Regional Flood Control Facilities" in December 2016.[3] Public Works describes in their presentation an "encampment cleaning protocol," which includes a sample "72 Hour Notice" to be given before clearing encampments.[4] The notice states that, "Personal items meeting criteria for storage will be held for a period of 90 days. These items may be claimed on Thursdays from 1-2 PM at: 20791 El Toro Road, Lake Forest, CA."[5] A red arrow is drawn to the address and a caption asks: "Why not store items closer to the Santa Ana River where most of the Homeless are?"[6] This Court asked the Defendant County of Orange that precise question in *Schuler v. County of Orange*.[7]

The Defendant County of Orange presently attempts to eradicate the encampments for their political expedience rather than the public's interest. *Amicus* submitted a Public Records Act request and obtained emails exchanged between Orange County Public Works and Orange County Supervisor Shawn Nelson in 2016; the correspondence revealed, "At the request of Supervisor Shawn Nelson, county officials replaced a homeless encampment with a pile of rocks last summer along the Santa Ana River near the Honda Center."[8] According to an investigation by Voice of OC, the eviction took place "about two weeks before the Disneyland Half-Marathon, in which participants ran along the west side of the river on Sept. 3 and would have been able to see the encampment."[9]

---

- 6/30/20 ($3,615,000); Available at http://cams.ocgov.com/Web_Publisher_Sam/mainlist.asp?docid=00000053&docname=Agenda06_06_2017.htm&meetdate=06_06_2017&pagendatypeid=1&pisagenda=0

[3] Jose Ochoa, *County Used Rock Riprap, Sand to Make Santa Ana Riverbank "Less Desirable for Occupation"*, Voice of OC, August 30, 2017), https://voiceofoc.org/2017/08/county-used-rock-riprap-sand-to-make-santa-ana-riverbank-less-desirable-for-occupation/.

[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] Nick Gerda, *Shawn Nelson Had Homeless Camp Removed From Riverbed Near Honda Center, Emails Show*, Voice of OC, (Mar. 22, 2017), http://voiceofoc.org/2017/03/shawn-nelson-had-homeless-camp-removed-from-riverbed-near-honda-center-emails-show/.
[9] *Id.*

AMICUS BFIEF OF OC POVERTY ALLEVIATION COALITION IN SUPPORT OF PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER CASE NO.: 8:18-cv-00155-DOC-JDE

The Defendants' forced displacement and arrest of homeless individuals does not follow best practices and does not serve the public's interest. According to a report by United States Interagency Council on Homelessness, "The forced dispersal of people from encampment settings is not an appropriate solution or strategy, accomplishes nothing toward the goal of linking people to permanent housing opportunities, and can make it more difficult to provide such lasting solutions to people who have been sleeping and living in the encampment."[10]  Furthermore, scholars have specifically rejected the rationales offered by Defendants to justify the displacement.

University of California, Berkeley scholar of sociology Chris Herring studies and debunks "five misleading rationales for homeless camp evictions" in California.[11] First, Herring rejects the argument that "Eviction mitigates environmental damage," by writing that, "Environmental impacts are not resolved but simply moved around," and while "fence[s] and... boulders to seal the site may restore the natural habitat of the former campsite, it will be at the cost of increased environmental degradation further upstream where the evicted will relocate."[12] Second, Herring disagrees that "eviction cleanses unsanitary conditions," explaining, "Evictions more often exacerbate rather than improve the unsanitary conditions of the evicted – pushing them further from clean water, recycling centers and toilets. An alternative would be to provide access to sanitation."[13] Third, to the argument that "Eviction eradicates unsafe environments," he responds, "Safety in numbers' guards them from attacks by other homeless people, pestering by police, dangers of the shelter and harassment of the housed."[14] Fourth, Herring cautions not to believe that "Shelter is an adequate alternative to camps," when often, "officials tried to convince the media and public that the opening of... [hundreds of] shelter beds would somehow relieve a permanent eviction in a city with [thousands of] unsheltered individuals," whereas "at camps, residents' could remain with their pets, sleep with their spouses, keep their belongings, and maintain their last refuge of privacy."[15] Fifth, and finally, Herring's research belies the

---

[10] United States Interagency Council on Homelessness, *Ending Homelessness for People Living in Encampments*, https://www.usich.gov/resources/uploads/asset_library/Ending_Homelessness_for_People_Living_in_Encampments_Aug2015.pdf, last visited on February 12, 2018, at p. 2.
[11] Chris Herring, *Evicting the Evicted: Five Misleading Rationales of Homeless Camp Evictions*, Progressive Planning, (Fall 2015), https://chrisherringdotorg.files.wordpress.com/2015/11/ppm_fall2015_herring.pdf, last visited on February 12, 2018.
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.*

**AMICUS BFIEF OF OC POVERTY ALLEVIATION COALITION IN SUPPORT OF PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER CASE NO.: 8:18-cv-00155-DOC-JDE**

claim that "Housing provision will absorb the evicted," when really, "In the end, housing provisions, if they come at all, never cover everyone, and all too often, not long enough." [16] The Defendant County's plan to evict the homeless population from the Santa Ana Riverbed invokes all five "spurious rationales," citing ocean pollution, biohazardous waste, and frequent police calls as reasons for clearing the Riverbed encampments, and claiming that it offers sufficient shelter and housing alternatives.

Incredulously, Defendants County of Orange and City of Anaheim rationalize their arrests and evictions of the homeless community based on a public health crisis that both created. Defendant Orange County's opposition to Plaintiffs' Ex Parte Application for a Temporary Restraining Order states that "[l]ack of proper personal hygiene is a generally known characteristic of the homeless, especially the homeless encampment population, given the lack sanitation services."[17] Not only should Defendant's stigmatizing rhetoric offend a reasonable person's sense of decency, the argument defies logic.

*Amicus* and others have extensively and unsuccessfully asked both Defendants County of Orange and City of Anaheim to provide basic sanitation at the Santa Ana Riverbed; their refusal to observe their constituents' fundamental human right to basic sanitation should not further justify a violation of constituents' constitutional rights. On April 25, 2017, Clarissa Clark testified before the Orange County Board of Supervisors: "I'm only 13 years old and I lived at the Riverbed. And that isn't okay," adding, "I didn't go to school today because I thought this was more important than school," and pleading with the County of Orange to provide basic sanitation at the Santa Ana Riverbed encampments that she had once called home.[18] Clarissa's sister, Alyssa Clark, aged 10, recounted to a reporter, "when I was here, the struggle was real," and described her experience using a plastic bucket for a toilet.[19] But the County of Orange refused the demand for basic sanitation from dozens of homeless individuals and activists,

---

[16] *Id.*
[17] See *Orange County Catholic Worker, et al. v. Orange County, et al.* No. 8:18-cv-00155, Docket No. 34, Page No. 7, Line No. 9-11.
[18] Clarissa Clark, (Apr. 2, 2017), https://www.youtube.com/watch?v=Jc1W-TN8OrY.
[19] Theresa Walker, *Everyone agrees: The Santa Ana River trail is no place to raise homeless children*, OC Register, (May 16, 2017), https://www.ocregister.com/2017/05/16/santa-ana-river-trail-is-no-place-to-raise-children/.

AMICUS BFIEF OF OC POVERTY ALLEVIATION COALITION IN SUPPORT OF PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER CASE NO.: 8:18-cv-00155-DOC-JDE

5

insisting that, "For the county to provide short-term solutions like restrooms or showers to individuals encamped along the flood control channel does not encourage progress from homelessness to sustainable solutions."[20] Resolving to act where the Defendants refused, *Amicus* installed three portable toilets in the Injunction Area on May 13, 2017.[21] But the County of Orange actively frustrated these attempts by *Amicus* to provide a basic sanitation, providing *Amicus* with a notice that the toilets illegally encroached on public property, and forcing *Amicus to* move the toilets off of the Riverbed, out of the County's jurisdiction, and onto property of the Defendant City of Anaheim.[22] The City of Anaheim subsequently removed the toilets, which the homeless community used and *Amicus* maintained until the City of Anaheim confiscated them.[23]

Again, *Amicus* turned to the County, requesting a fee waiver for an encroachment permit, and receiving the following promise from County Supervisor Spitzer at a public meeting on May 23, 2017: "If the $2,000 is the obstacle to bringing humanity to the river bed while we figure out the short and long solutions, I will personally pay for it."[24] However, after a discussion in closed session on the issue, Supervisor Spitzer told reporters that a majority of the Supervisors did not support providing restrooms at the Santa Ana Riverbed, and that writing a personal check "ain't gonna happen."[25] Supervisors Spitzer and Do subsequently proposed a pilot program to provide basic sanitation, including portable toilets and showers, while dismantling the Riverbed encampment.[26] The Board of Supervisors approved the $750,000 pilot program by a unanimous vote, with Supervisor Nelson absent, at a July 6

---

[20] April 26, 2017 Jordan Graham https://www.ocregister.com/2017/04/26/riverbed-homeless-ask-supervisors-for-portable-bathrooms-showers/.

[21] Theresa Walker, *Activists install portable toilets for homeless at Santa Ana River bed; county says they're unauthorized*, OC Register, (May 15, 2017), http://www.ocregister.com/2017/05/15/activists-install-portable-toilets-for-homeless-at-santa-ana-river-bed-county-says-theyre-unauthorized/amp/.

[22] Theresa Walker, *Portable toilets for homeless moved to Anaheim site on Santa Ana River trail, but likely to be moved again*, OC Register, (May 16, 2017), http://www.ocregister.com/2017/05/16/non-permitted-portable-toilets-for-homeless-relocated-to-city-of-anaheim-site-at-santa-ana-river-trail-but-likely-to-be-moved-again-soon/amp/.

[23] Joseph Pimentel, *Anaheim removes plastic outhouses placed for homeless without permission along Santa Ana River trail*, OC Register, (May 19, 2017), http://www.ocregister.com/2017/05/19/anaheim-removes-plastic-outhouses-placed-for-homeless-without-permission-along-santa-ana-river-trail/.

[24] Theresa Walker, *Supervisor pledges to pay for $2,000 permit for portable toilets at Santa Ana River trail near homeless camp*, OC Register, (May 23, 2017), http://www.ocregister.com/2017/05/23/supervisors-might-allow-portable-toilets-for-homeless-at-santa-ana-river-trail-after-todd-spitzer-says-hell-cover-cost-of-2000-permit/.

[25] Nick Gerda, *Homeless Porta-Potties Not Supported by Most OC Supervisors, Spitzer Says*, Voice of OC, (May 30, 2017), http://voiceofoc.org/2017/05/homeless-porta-potties-not-supported-by-most-oc-supervisors-spitzer-says/.

[26] Jordan Graham, *Supervisors want to dismantle Santa Ana riverbed homeless camp, add showers, toilets in meantime*, OC Register, (June 1, 2017), http://www.ocregister.com/2017/06/01/plan-to-end-orange-countys-riverbed-homeless-encampment-to-come-before-board/.

**AMICUS BFIEF OF OC POVERTY ALLEVIATION COALITION IN SUPPORT OF PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER CASE NO.: 8:18-cv-00155-DOC-JDE**

meeting.[27] Supervisor Spitzer said during the vote, "I agree with the [public] speakers, those people are there. They're living there… While it is occurring, and until we come up with transitional options, we have got to treat these [homeless] people as human beings. They are human beings. And today, I will argue, I do not believe we're being humane about it."[28] However, the County of Orange again reversed course, stating: "Providing bathrooms creates other problems and detracts from the primary goal of getting individuals off the street and into safer living conditions."[29] Orange County Register's Editorial Board criticized the County's prevarication, writing: "It is a public health issue, not just for the homeless who live there, but also for those who traverse the riverbed trails and those who drink and swim in the water supply fed by the Santa Ana River. Outhouses are better than no outhouses."[30]

*Amicus* turned back to the Defendant City of Anaheim. On August 29, 2017, the Anaheim City Council heard three hours of public comments and deliberated for two hours on whether to allow *Amicus* to place and maintain the outhouses in Anaheim adjacent to the Santa Ana River.[31] The Council took no vote, and with the exception of Council Member Moreno, expressed no support for the proposal.[32] Michelle Mora, who lives at the Riverbed encampments and attended the August 29th meeting, later reflected to a reporter: "It made me feel bad because they're stating that the reason for their decision was they don't want to encourage further criminal activity. But everyone on this earth has to go to the bathroom."[33] The OC Register Editorial Board rejected the City

---

[27] Jordan Graham, *Santa Ana riverbed homeless to get toilets, showers while supervisors work on plan to move them out*, OC Register, (June 6, 2017), http://www.ocregister.com/2017/06/01/plan-to-end-orange-countys-riverbed-homeless-encampment-to-come-before-board/.
[28] Nick Gerda, *Noting Public Pressure, OC Supervisors Approve Homeless Services and Housing*, Voice of OC, (June 9, 2017), http://voiceofoc.org/2017/06/noting-public-pressure-oc-supervisors-approve-homeless-services-and-housing/.
[29] Jose Ochoa, *OC Public Works to Evict Homeless from the Honda Center Side of the Santa Ana Riverbank*, Voice of OC, (July 17, 2017), http://voiceofoc.org/2017/07/oc-public-works-to-evict-homeless-from-the-honda-center-side-of-the-santa-ana-riverbank/.
[30] Orange County Register Editorial Board, Editorial, *Private solutions needed for homeless*, OC Register, (July 29, 20017), http://www.ocregister.com/2017/07/29/private-solutions-needed-for-homeless/.
[31] Joseph Pimental, *Nonprofit gets no answer on whether it can place portable toilets for homeless living near Santa Ana River*, OC Register, (August 30, 2017), https://www.ocregister.com/2017/08/30/nonprofit-gets-not-answer-on-whether-it-can-place-portable-toilets-for-homeless-living-near-santa-ana-river/.
[32] Jill Repogle, *No portable toilets for OC homeless camp*, 89.3 KPCC, (Aug. 29, 2017), https://www.scpr.org/news/2017/08/29/75117/anaheim-to-consider-portable-toilets-for-homeless/.
[33] Carla Green, *California city confiscates toilets from homeless residents – forcing them to use buckets*, The Guardian, (Sep. 8, 2017), https://www.theguardian.com/us-news/2017/sep/08/anaheim-homeless-toilets-confiscated-public-health-crisis.

**AMICUS BFIEF OF OC POVERTY ALLEVIATION COALITION IN SUPPORT OF PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER CASE NO.: 8:18-cv-00155-DOC-JDE**

Council's reasoning, writing: "Toilets won't bring the homeless to the river trail — they're already there. For proof, you need only traverse the trails that wind through the miles-long tent city."[34] The *Los Angeles Times* Editorial Board also responded: "In Anaheim, city officials calculated that taking away a few port-a-potties along the Santa Ana river would reduce the number of homeless people camped there. It has not."[35] *Voice of OC* publisher Norberto Santana editorialized: "Now, we are witnessing Hepatitis A outbreaks being declared in both San Diego and Los Angeles Counties. When will Orange County take action?"[36]

The Defendants County of Orange and City of Anaheim continue to disallow advocates including *Amicus* to provide basic sanitation in the Injunction Area, even as Defendants ask the Court for permission to displace the encampments based on the lack of basic sanitation.[37]

## CONCLUSION

For the foregoing, *Amicus* respectfully request that the Court grant Plaintiffs' motion.

Respectfully Submitted,

OC POVERTY ALLEVIATION COALITION
Mohammed Aly
Darren Veracruz

Dated: February 12, 2018

*/s/ Darren Veracruz*

By: DARREN VERACRUZ

---

[34] Orange County Register Editorial Board, Editorial, *Disagreement on restrooms along Santa Ana River trail a worrisome sign*, OC Register, (Aug. 31, 2017), https://www.ocregister.com/2017/08/31/disagreement-on-restrooms-along-santa-ana-river-trail-a-worrisome-sign/.
[35] Los Angeles Times Editorial Board, Editorial, *Refusing to build public toilets doesn't make homeless people go away. It creates a public health crisis*, LA Times, (Sep. 16, 2017), http://www.latimes.com/opinion/editorials/la-ed-homeless-toilets-20170916-story.html.
[36] Norberto Santana, Editorial, *Inaction Can Kill*, Voice of OC, (Sep. 16, 2017), https://voiceofoc.org/2017/09/santana-inaction-can-kill/.
[37] Amy Taxin and Geoff Mulvihill, *As West Coast fights homelessness, kindness is contentious*, AP News, (Dec. 28, 2017), https://apnews.com/fe7fd4aab59640aa86011043f7ff6703.

**AMICUS BFIEF OF OC POVERTY ALLEVIATION COALITION IN SUPPORT OF PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER CASE NO.: 8:18-cv-00155-DOC-JDE**

**PROOF OF SERVICE**

I hereby certify that on February 12, 2017, I caused to be filed electronically via the Court's CM/ECF System, and thereby served on all counsel, a true and correct copy of this Brief of Amicus Curiae on the following persons:

Brooke Weitzman, Esq.

William Wise, Esq.

Elder Law and Disability Rights Center

[*Counsel for Plaintiffs, Orange County Catholic Worker, et al.*]


Carol Sobel, Esq.

Monique Alarcon, Esq.

Avneet Chatta, Esq.

Law Office of Carol A. Sobel

[*Counsel for Plaintiffs, Orange County Catholic Worker, et al.*]


Paul Hoffman, Esq.

Catherine Sweetser, Esq.

Colleen M. Mullen, Esq.

Schonbrun, Seplow, Harris & Hoffman

[*Counsel for Plaintiffs, Orange County Catholic Worker, et al.*]


Leon James Page, Esq.

Marianne Van Riper, Esq.

Laura Knapp, Esq.

Office of County Counsel

[*Counsel for Defendants, Orange County, et al.*]

**AMICUS BFIEF OF OC POVERTY ALLEVIATION COALITION IN SUPPORT OF PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER CASE NO.: 8:18-cv-00155-DOC-JDE**

Pursuant to L.R. 5-4, a chamber copy of this Amicus Brief will be delivered to:

Honorable David O. Carter

Ronald Reagan Federal Building

United States Courthouse

411 West Fourth Street, 9th Floor, Courtroom D

Santa Ana, CA 92701

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed February 12, 2018 at Orange, California

*/s/ Darren Veracruz*

DARREN VERACRUZ

---

**AMICUS BFIEF OF OC POVERTY ALLEVIATION COALITION IN SUPPORT OF PLAINTIFFS' APPLICATION FOR A TEMPORARY RESTRAINING ORDER CASE NO.: 8:18-cv-00155-DOC-JDE**