LILI V GRAHAM SBN 284264
lgraham@legal-aid.com
SARAH J. GREGORY SBN 303973
sgregory@legal-aid.com
MICHELLE KIM KOTVAL SBN 293830
mkotval@legal-aid.com
LEGAL AID SOCIETY OF ORANGE COUNTY
2101 North Tustin Avenue
Santa Ana, California 92705
Telephone: 714.571.5282
Facsimile: 714.571.5270

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| DAVID RAMIREZ, SHARON SWEAT, STEPHENIE SAINT VINCENT, RAYA IVES, DEREK MACARTHUR, KIM GRAY, and ERIK TEASLEY, as individuals; PEOPLE'S HOMELESS TASK FORCE, an unincorporated association;<br><br>          Plaintiffs,<br><br>vs.<br><br>THE COUNTY OF ORANGE, a municipal entity;<br><br>          Defendant. | Case No.  8:18-cv-00220-DOC-KES<br><br>Related Case No. 8:18-cv-00155-DOC-KES<br><br>**NOTICE TO THE COURT RE ISSUES RELATING TO IMPLEMENTATION OF STIPULATION IN *ORANGE COUNTY CATHOLIC WORKER, ET AL. v. COUNTY OF ORANGE, ET AL.*** |

1

On February 7, 2018, the court related this action to *Catholic Worker, et al. v. County of Orange et al.*, Case No. SA CV 18-0155-DOC (KEXs)(hereinafter, "*Catholic Worker*").  On February 6, 2018, the Court issued a temporary restraining order, enjoining Defendants in *Catholic Worker* from enforcement of any infraction or misdemeanor against people living along the Santa Ana Riverbed.  Case No. SA CV 18-0155-DOC, Dkt. # 53.  On February 13, 2018, after a hearing before the Court, the parties in *Catholic Worker* entered into a stipulation ("Stipulation") providing that, among other things, the "County will provide a motel room for a minimum of 30 days for approximately 400 homeless persons presently encamped on the Santa Ana Riverbed."  *Id.* at Dkt. # 92.  On February 15, 2018, the Court issued an order extending the temporary restraining order until February 20, 2018 at 9:00 a.m., at which time the injunction will lift so that the terms of the Stipulation may be carried out.  On February 17, 2018, the Court issued an order directing the parties to submit notices to the Court identifying any issues relating to the implementation of the Stipulation. *Id.* at Dkt. # 98.

In response to the Court's February 17, 2018 Order, Plaintiffs in *Ramirez, et al. v. County of Orange* ("Plaintiffs") submit this notice to the Court.  While Plaintiffs are not parties to the Stipulation, implementation of the Stipulation will have a direct and consequential impact on Plaintiffs because Plaintiffs are persons with disabilities as defined by the Americans with Disabilities Act ("ADA") who are currently living at the Santa Ana Riverbed.  Plaintiffs have agreed to relocate to a motel.  Plaintiffs submit this notice in order to inform the Court of various issues that have already arisen or that Plaintiffs anticipate will arise relating to implementation of the Stipulation.  If these issues are not addressed, they have the potential to negatively affect Plaintiffs' health and safety and may prevent the County from complying with its obligations under the Stipulation.

1. **The County Should Establish a Process for Individuals with Disabilities to Make Reasonable Modification Requests.**

The majority of the residents at the Riverbed are individuals with physical and/or mental health disabilities, as documented by the County in a census conducted in 2016.  These individuals have a variety of special needs as a result of their disabilities and medical histories.

While Paragraph 2 of the Stipulation identifies the County's commitment to completing a clinical assessment with individuals to identify their needs and connect them to appropriate resources *after* they are relocated to a motel, there is no procedure in place to address accommodations for

disabilities *during* the relocation process.  Plaintiffs have made two reasonable modification requests in the last week to address accommodations required by Plaintiffs during their relocation to motels, but both of those requests have gone ignored by the County.  *See* Exhibits A and B.  Plaintiffs and others similarly situated people are extremely vulnerable.  Without a process in place that will permit individuals to inform the County of disabilities and to request accommodations for those disabilities, those individuals' medical needs will go unaddressed.

Plaintiffs request that a reasonable modification process be put in place, in compliance with the ADA, that would include: (1) a contact person at the County who will be responsible for reviewing reasonable accommodation requests; (2) a process for discussing services and motel housing with the individual making the request in a good faith effort to accommodate the request; (3) accommodations for physical disabilities at motels, such as first-floor motel rooms for those with mobility issues, or other ADA compliant housing options; (4) provision of information to homeless individuals regarding the services the County intends to provide during motel stays, and contact information for individuals who have problems accessing those services or who need to schedule services, including food and transportation services; and (5) an opportunity to seek advice from counsel relating to housing and service options, including, if necessary, the opportunity to use County outreach workers' phones to call counsel.

2. **Some of the Motels Offered by the County Have Uninhabitable Conditions That Threaten the Health and Safety of Individuals with Disabilities.**

Pursuant to Paragraph 1 of the Stipulation, the County will provide a motel room for a minimum of 30 days to homeless persons encamped at the Riverbed.  However, some homeless individuals, including Plaintiffs, are being offered motels that have dangerous, unsanitary or uninhabitable conditions.  These conditions have the potential to worsen the health conditions of the people being relocated, particularly people with disabilities.

For example, Plaintiffs Derek MacArthur and Sharon Sweat were offered rooms at the Corral Motel in Buena Park.  Upon investigation, MacArthur and Sweat learned that the motel has bedbugs, infestation of rodents, plumbing problems, and a reputation for harboring illicit activities.  *See* Exhibit C (Yelp Reviews for Corral Motel), and Exhibit D (Code Enforcement Report for Corral Motel).  In order to protect the health and safety of homeless residents, Plaintiffs requests that the County provide safe and habitable motel rooms to individuals willing to relocate from the Riverbed.

3

3. **Plaintiffs Request Motel Accommodations in Proximity to the Resources That They Rely On.**

Pursuant to Paragraphs 1 and 4 of the Stipulation, the County will place individuals in motels and make provisions for access to food resources.  Access to resources is a crucial component of assisting homeless individuals, particularly those with disabilities, because those individuals have very limited personal resources and limited access to transportation.  These individuals typically rely on community-based resources within a limited geographic area.

Plaintiffs request that they be placed in motels surrounding the I-5 interchange, which is the area in which they currently live and with which they are familiar.  Plaintiffs rely on various resources in this geographic area, including food, medical providers, and community, and their isolation from these resources could be detrimental to their health.  Plaintiffs also rely on a network of people in their local communities for emotional support, safety, and assistance with accessing resources.

Despite this need, the County offered Plaintiff MacArthur a motel placement in Brea, CA. MacArthur was unable to accept that placement because his limited mobility means that he would be unable to access the resources he relies on to survive, including medical resources.  As another example, the County took Plaintiff Ramirez to a motel in Stanton, CA, even though he has been living between Fountain Valley and Anaheim for the last several years, has been relying on resources in that area, and does not have a car.

Plaintiffs are already being uprooted from the environments to which they are accustomed in order to move to a temporary motel pursuant to the Stipulation.  If Plaintiffs were to be moved to unfamiliar surroundings outside of geographic area surrounding the I-5 interchange, Plaintiffs would be isolated from their support system and may be unable to access the resources that they rely on to survive.  This could aggravate Plaintiffs' disabilities, causing re-traumatization and deterioration of their health.  On the other hand, permitting Plaintiffs to stay close to local resources and their support systems, in an area that they are familiar with, would reduce the trauma caused by requiring Plaintiffs to relocate to yet another unfamiliar and temporary location.

4. **The County Should Provide Sufficient Information to Allow Informed Decision Making.**

Under Paragraph 2 of the Stipulation, the County has committed to assessing the needs of individuals in order to identify appropriate resources.  However, in its haste to comply with the Stipulation, the County has failed to provide basic information to affected individuals regarding the

housing and services that the County is offering.  County staff has been approaching individuals with a list of services and housing.  However, when individuals ask the County what the services entail or whether the housing is disability accessible, the County can only provide names and locations of the programs and housing.

The majority of the individuals living on the Riverbed suffer from physical and mental disabilities.  Without specific information regarding these services, these individuals cannot evaluate whether what is being offered will accommodate their disabilities.  This lack of information sets these individuals up for failure and puts them at risk of being labeled "service-resistant" by the County.

Accordingly, Plaintiffs request that the County provide notice and information regarding the services and housing being offered, including a description of the services and accessibility of the housing, so that Plaintiffs may evaluate whether what is being offered will accommodate their disabilities.  In addition, Plaintiffs request the ability to discuss these options with their attorneys at the Legal Aid Society of Orange County in order to assist them in identifying the appropriateness of services and housing options.

5.  **The County Should Accommodate the Needs of Victims of Trauma by Permitting Them to Remain Together in the Same Motel Where Necessary.**

Many of the homeless individuals living on the Riverbed, including Plaintiffs, are survivors of severe trauma, such as child abuse, domestic violence and sexual assault.  In many cases, the history of trauma has resulted in physical and mental disabilities, including severe stress, anxiety, depression, PTSD, and bipolar disorder.  To manage these disabilities, many individuals, including female Plaintiffs, have banded together for protection and support.  These close-knit groups rely on each other for survival.

Although it would be consistent with Paragraph 2 of the Stipulation for the County to accommodate the needs of these individuals by placing them together in one motel, the County has been separating individuals and placing them in various motels throughout the County, including Stanton and Brea.

Plaintiffs request that the County take into consideration Plaintiffs' trauma-based disabilities and the relationships they rely upon to manage their disabilities when offering motel housing.  Specifically, female Plaintiffs Ives, Saint Vincent, Gray, and Sweat request that they be placed in the same motel.

**6.  The County Should Not Interfere with Requests to Consult with Legal Counsel.**

As the County carries out its obligations under the Stipulation, the County has demanded individuals make on-the-spot decisions regarding the County's offer of motel housing and services, even though they have not been provided with sufficient information to fully understand what is being offered.  Plaintiffs have repeatedly requested that County staff give them time to consult with their legal counsel before signing paperwork or being taken to a motel, the County has denied those requests.  Some individuals have been warned that if the offer is not accepted immediately the individual will lose the opportunity for services or housing altogether.  Feeling intimidated, many have hurriedly accepted the County's offer without a full understanding of what is being offered or whether the offer accommodates their disabilities.

Plaintiffs suffer from a variety of disabilities, including mental health disabilities, and are some of the most vulnerable people in Orange County.  Not allowing time for individuals to consider their options or seek counsel exacerbates symptoms of stress and anxiety and places them at risk of accepting services that will ultimately worsen their health conditions.

Plaintiffs request that the County permit individuals time and a method of accessing legal counsel before being required to relocate or sign paperwork.  Plaintiffs also request that the County stop engaging individuals for services in manner that is intimidating for people with disabilities and that can be psychologically damaging.

**Conclusion**

Plaintiffs respectfully submit this Notice of Issues Relating to Implementation of the Stipulation, as requested in the Court's February 17, 2018 Order.  In so doing, Plaintiffs seek to inform the Court of the needs of individuals with disabilities living at the Riverbed in order to ensure that people with disabilities are accommodated as they are relocated from the Riverbed to motel housing pursuant to the Stipulation.  If so desired by the Court, Plaintiffs can provide additional information regarding any of the issues.

Dated: February 17, 2018

Respectfully submitted,

LEGAL AID SOCIETY OF ORANGE COUNTY


____/S/_____Lili V Graham_____
By: LILI V GRAHAM