**EXHIBIT A**



VIA FIRST CLASS MAIL AND EMAIL

February 15, 2018

Marianne Van Riper
Laura Knapp
Justin Graham
Office of the Orange County Counsel
222 West Santa Ana Boulevard
P.O. Box 1379
Santa Ana, California 92702

      Re:    Reasonable Modification Requests Regarding Relocation of Homeless Residents Living Along the Santa Ana Riverbed

Dear Counsel:

      We write on behalf of our clients, David Ramirez, Sharon Sweat, Stephenie Saint Vincent, Raya Ives, Derek MacArthur, Kim Gray, and Erik Teasley, and People's Homeless Task Force ("PHTF")(collectively, "Plaintiffs"), all of whom are plaintiffs in *Ramirez, et al. v. County of Orange*, which was filed in the District Court for the Central District of California on February 7, 2018. *See Ramirez v. Cnty of Orange*, Case No. 8:18-cv-00220-DOC-KES.

      We write regarding the County's relocation of the homeless population living along the Santa Ana riverbed ("Riverbed") pursuant to a stipulated agreement entered into in *Catholic Worker, et al. v. County of Orange, et al* ("Stipulation"). Under the Stipulation, the County will relocate individuals to motels for a minimum of 30 days while the County completes a "clinical assessment" of each individual's "needs and appropriate resources, including shelter, housing and other supportive services" (the "Program").[1] *See Catholic Worker v. Cnty of Orange*, Case No. 8:18-cv-00155-DOC-JDE, Dkt. No. 92 (Feb. 13, 2018).

---

[1] This Program is substantially the same as the program referenced in Plaintiffs' January 2018 reasonable modification requests and in the Complaint filed in *Ramirez v. County of Orange*. The Program entails the individual assessment of homeless individuals living at the Riverbed by County personnel, followed by the relocation of those individuals to shelters or transitional housing. The agreement entered into in *Catholic Worker* modifies the Program such that individuals are relocated to motels before the individual assessments are performed. This County-created program falls within the definition of service, program, or activity under Title II of the Americans with Disabilities Act.

LSC America's Partner For Equal Justice

2101 North Tustin Avenue, Santa Ana, CA 92705
(714) 571-5200 | (714) 571-5270 fax | www.legal-aid.com

As a preliminary matter, Plaintiffs are not party to the stipulated agreement in *Catholic Worker* and are not bound by the terms of that agreement.  Plaintiffs continue to assert their need for a reasonable modification of the County's relocation program based on their disabilities, as set forth in Plaintiffs' respective January 2018 letters requesting reasonable modifications of the County's relocation program (the "Requests") and related correspondences with the County.  Further, Plaintiffs continue to assert the allegations set forth in their complaint in *Ramirez v. Cnty of Orange* ("Complaint"), including that the County's program, which involves relocation of individuals living on the Riverbed to various housing solutions, discriminates against people with disabilities.

Without waiving any of those objections or allegations, Plaintiffs are willing to relocate to motels while the County completes its assessments and identifies permanent housing that accommodates Plaintiffs' disabilities.  However, as a continuation of Plaintiffs' original Requests for reasonable modifications based on their disabilities, and pursuant to Title II of the Americans With Disabilities Act and its implementing regulations, 42 U.S.C.A. § 12132, 28 C.F.R. § 35.130(b)(7)(i), Plaintiffs make the following additional requests:

### Request to be Relocated to Motel 6 on Chapman Avenue

Plaintiffs Sweat, Saint Vincent, Ives, MacArthur, Gray, and Teasley request placement in the Motel 6 at Chapman Avenue.  Plaintiffs make this request because they are familiar with, and have resources in, the area surrounding the motel.  As Plaintiffs explained in their Requests, the constant upheaval of having to move between temporary shelter locations displaces them from their communities and the environments to which they are accustomed.  This aggravates their disabilities, causing re-traumatization and deterioration of their health.  Relocating Plaintiffs to Motel 6 at Chapman Avenue will permit them to maintain contact with their support system in the area, keep them in an environment with which they are familiar, and allow them to continue accessing local resources, thus helping to minimize any trauma caused by being required to relocate to yet another unfamiliar and temporary location.

We understand that Motel 6 at Chapman Avenue currently has 57 rooms available.  We also understand that the motel will accept Plaintiffs' pets.  Therefore, we see no logistical reason why Plaintiffs' request cannot be accommodated.

### Request for Information Regarding "Clinical Assessments" and Objection to "Agreement for Services"

As part of the Stipulation entered into in *Catholic Worker v. County of Orange*, we understand that the County intends to ask homeless residents who are being relocated to motels

2

to sign an "Agreement for Services Motel Support." *See Catholic Worker v. Cnty of Orange*, Case No. 8:18-cv-00155-DOC-JDE, Dkt. No. 92, Ex. C (Feb. 13, 2018). The Agreement for Services asks participants to agree to a number of provisions, including agreeing to engage in a "clinical assessment" with County Health Care Agency's Behavioral Health Outreach and Engagement unit ("HCA") and to maintain weekly contact with HCA personnel. *Id.* The Agreement for Services further provides that failure to comply with each requirement may result in immediate termination of the motel stay and the loss of future County assistance.

Plaintiffs object to the Agreement for Services to the extent it obligates Plaintiffs to engage in an assessment that does not accommodate for Plaintiffs' disabilities. Plaintiffs have already been assessed by HCA staff as part of its program to relocate people from the Riverbed. To the extent the County intends to use the same assessment tools that HCA has previously used, Plaintiffs reiterate their need for a reasonable modification, as set forth in their Requests. Further, for the reasons set forth in Plaintiffs' Requests and Complaint, Plaintiffs re-assert their claims that the County's assessments discriminate against people with disabilities.

To the extent the "clinical assessments" referenced in the Agreement for Services differs from the assessments that Plaintiffs already underwent, Plaintiffs request information about those assessments, including information regarding:

1. Whether the County plans to re-assess Plaintiffs and others who have already been assessed by HCA;

2. Whether clinical professionals, such as clinical psychologists or licensed social workers, will conduct the assessments; and

3. Whether the County intends to use the same assessment tools that it has previously used, such as the VI-SPDAT or informal interviews with HCA personnel, to conduct the assessments.

Plaintiffs require this information so that they may determine whether an additional modification is required to accommodate their disabilities.

### Request for Time to Consult With Legal Counsel
### Before Being Required to Relocate or Sign Paperwork

Plaintiffs request that their legal counsel be informed of Plaintiffs' relocation options and that the County permit Plaintiffs time to consult with their legal counsel before requiring them to relocate or to sign any paperwork. As explained in their Requests, Plaintiffs suffer from a variety of disabilities, including mental health disabilities, and are some of the most vulnerable people in Orange County. Plaintiffs have retained Legal Aid to advocate on their behalf and to

negotiate reasonable modifications to the County's Program in order to accommodate their disabilities.

Although Plaintiffs have repeatedly requested that communications with the County regarding Plaintiffs' housing options be directed to our office, County personnel have continued to contact Plaintiffs directly, often stopping by Plaintiffs' tents unannounced and pressuring them to go to shelters or temporary housing. While Plaintiffs understand that some communications with County personnel without counsel present is necessary to move the process forward, Plaintiffs request that the County (1) inform Legal Aid of any upcoming meetings or contact with Plaintiffs so that Plaintiffs have the opportunity to request Legal Aid's participation, (2) inform Legal Aid of the housing options Plaintiffs are being offered, (3) permit Plaintiffs time to consult with Legal Aid regarding those options before being required to relocate, and (4) permit Plaintiffs time to consult with Legal Aid before being required to sign any paperwork.

### Request That the County Keep Plaintiffs' Personal Information Confidential

Plaintiffs request that the County personnel keep Plaintiffs' names, personal information, and medical information confidential. Plaintiffs make this request in light of statements made during the February 13, 2018 hearing on the preliminary injunction in *Catholic Worker v. County of Orange*. During discussions with counsel and various personnel from the County and other cities addressing matters in the *Catholic Worker* case, County HCA staff openly made comments about Plaintiffs, discussed Plaintiffs' personal, non-public information, and referred to Plaintiffs by name.

HIPPA obligates HCA to keep Plaintiffs' health information confidential. To the extent HCA has access to other non-public information regarding Plaintiffs, Plaintiffs' request that HCA also keep that confidential as a reasonable modification under the ADA. Plaintiffs' disabilities and homelessness make them extremely vulnerable. Discussing Plaintiffs' personal information in a public setting could adversely affect Plaintiffs' ability to access housing, may expose them to retaliation, or may have other adverse impacts on Plaintiffs' health and well-being.

### Request for Procedure to Request Reasonable Modifications

According to the County's *Census of Homeless Individuals in the Flood Control Channel*, the majority of people living at the Riverbed are disabled. Despite this, the County does not have any procedures whereby disabled individuals living at the Riverbed can apply for reasonable modifications under the ADA to access the County's relocation program. Indeed, Plaintiffs were required to retain counsel in order to make their Requests. Accordingly, Plaintiffs

repeat their request that the County establish a procedure for other homeless individuals with disabilities, including.

      Given the imminent relocation of homeless residents from the Riverbed, this request is urgent. Please contact me at 714-571-5254 or sgregory@legal-aid.com so that we can discuss this request.

      Sincerely,

      Sarah J. Gregory
      Lili Vo Graham
      Michelle Kim Kotval