Case 8:18-cv-00155-DOC-JDE Document 277 Filed 11/02/18 Page 1 of 4 Page ID #:2956
Case 8:18-cv-00155-DOC-JDE Document 274-2 Filed 10/28/18 Page 1 of 4 Page ID #:2943

BROOKE WEITZMAN SBN 301037
WILLIAM WISE SBN 109468
**ELDER LAW AND DISABILITY RIGHTS CENTER**
1535 E 17th Street
Santa Ana, California 92705
t. 714-617–5353
e. bweitzman@eldrcenter.org
e. bwise@eldrcenter.org

CAROL A. SOBEL SBN 84483
MONIQUE ALARCON SBN 31165
AVNEET CHATTHA SBN 316545
**LAW OFFICE OF CAROL SOBEL**
725 Arizona Avenue, Suite 300
Santa Monica, California 90401
t. 310-393-3055
e. carolsobellaw@gmail.com
e. Monique.alarcon8@gmail.com
e. avneet.chattha7@gmail.com

PAUL L. HOFFMAN SBN 71244
CATHERINE SWEETSER SBN 271142
COLLEEN M. MULLEN SBN 299059
SCHONBRUN, SEPLOW, HARRIS & & HOFFMAN
11543 W. Olympic Blvd.
Los Angeles, California 90064
t. 310-396-0731
e. hoffpaul@aol.com
e. csweetser@sshhlaw.com
e. cmullen@sshhlaw.com

Attorneys for Plaintiffs

FILED
CLERK, U.S. DISTRICT COURT
NOV - 2 2018
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ORANGE COUNTY CATHOLIC WORKER,<br><br>Plaintiffs,<br><br>v.<br><br>ORANGE COUNTY, et al.,<br><br>Defendants. | Case No. 8:18-cv-00155 DOC (JDE)<br><br>[~~PROPOSED~~] ORDER RE: UNOPPOSED MOTION TO FILE SUPPLEMENTAL COMPLAINT |

1

Before the Court is the unopposed motion by Plaintiff Orange County Catholic Worker ("OCCW") to file a Supplemental Complaint naming the City of Tustin as a defendant directly in Orange County Catholic Worker, et al. v. County of Orange. The City of Tustin was previously named as a defendant only in the cross-complaint filed by Intervenor City of Santa Ana.

On October 26, 2018, Plaintiff OCCW and the City of Tustin filed a Notice of Conditional Settlement and Exhibit A, the signed Settlement agreement. [Doc. 273]. The parties informed the Court that they had reached a Settlement subject to 1) the Court's approval of the terms, 2) the filing of a Supplemental Complaint adding Tustin as a defendant by Plaintiff OCCW and 2) the entry of dismissal with prejudice, with the Court retaining jurisdiction to enforce the terms of the settlement for a period of three years.

The motion is made pursuant to Federal Rule of Civil Procedure 15(d). Federal Rule of Civil Procedure 15(d) provides that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed.R.Civ.P. 15(d). The rule vests the court with broad discretion to permit supplemental pleadings. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). It is a favored procedure because it furthers judicial economy and convenience. *Id.* Such pleadings "ought to be allowed as of course, unless some particular reason for disallowing them appears ..." *Keith*, 858 F.2d at 473 (quoting *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28-29 (4th Cir. 1963)).

To meet the showing required by Rule 15(d), a supplemental pleading need only bear "some relationship" to the "subject of the original action." *Id.* at 474. This is so even if the supplemental pleading adds new claims, so long as it would

"promote the economical and speedy disposition of the controversy." *Id.* at 473. Judicial efficiency is served when "the entire controversy between the parties could be settled in one action." *Planned Parenthood v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (per curiam) (internal edits and quotation marks omitted).

The Court finds that granting the motion in this instance will promote the prompt resolution of the entire controversy between the Plaintiff OCCW and Defendant City of Tustin. There is no prejudice to any other parties to the action by permitting the Supplemental Complaint. *See* Wright, et al., Federal Practice and Procedure § 1504, at 186-87. *See also Keith*, 858 F.2d at 475.

The factors courts routinely consider in deciding whether to permit the filing of a supplemental complaint all weigh in favor of granting the motion in this instance. For example, a frequent concern arguing against the filing of a supplemental complaint is the need for extensive new discovery; however, the Ninth Circuit has found no prejudice if the supplemental complaint requires only "minimal further discovery" and most of the required information already exists in the defendant's own files. *See LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986).

In this instance, the parties also filed a conditional settlement agreement, which further supports granting the motion. The parties request that the supplemental complaint be filed and advise the Court that, upon approval of the settlement, Plaintiff will submit a proposed Order re Dismissal and Retention of Juridiction, so no discovery or other litigation is contemplated.

The Court believes that amendment would be not be futile as the proposed Defendant City does not oppose the filing of the supplemental pleading to facilitate a pre-litigation settlement in this action. *See Burka v. Aetna Life Ins. Co.*, 945 F. Supp. 313, 318 (D.D.C. 1996)

The Court finds that there is good reason to permit the filing of the unopposed Supplemental Complaint and to approve the terms of the Settlement submitted by the Plaintiff OCCW and the Defendant City of Tustin.

Accordingly, the Supplemental Complaint is ordered filed *nunc pro tunc*. Within three (3) days, the parties are to submit a Proposed Order of Dismissal with Retention of Jurisdiction for the Court's review and approval, incorporating the terms of the settlement agreement.

Dated: November 2, 2018           /s/ David O. Carter

UNITED STATED DISTRICT JUDGE

Lodged by:

ELDER LAW & DISABILITY RIGHTS CENTER
LAW OFFICE OF CAROL A. SOBEL
SCHONBRUN SEPLOW HARRIS & HOFFMAN

_____/s/   Carol A. Sobel_____ .
By: CAROL A. SOBEL
Attorneys for Plaintiffs