FILED
CLERK, U.S. DISTRICT COURT

MAR – 4 2019

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ORANGE COUNTY CATHOLIC WORKER, et al., | Case No. 8:18-cv-00155 DOC (JDE) |
| Plaintiffs, | **SETTLEMENT AGREEMENT BY AND BETWEEN THE CITY OF COSTA MESA AND ALL PLAINTIFFS, ON THEIR INDIVIDUAL BEHALF** |
| v. | |
| ORANGE COUNTY, the CITY OF ANAHEIM, the CITY OF COSTA MESA, and the CITY OF ORANGE, | |
| Defendants. | |

## <u>SETTLEMENT AGREEMENT</u>

This Settlement Agreement ("Agreement") is entered into by and between, on the one hand, the City of Costa Mesa ("Costa Mesa") and, on the other hand, Orange County Catholic Worker ("OCCW") (an unincorporated association, acting by and through its designated representatives), and the following individuals, each of whom enter into this agreement on his or her individual behalf, as defined below: Lisa Bell, Melissa Fields, Gloria Shoemake, Richie Thomas, Shawn Carroll, Larry Ford, Cameron Ralston, and

1

Kathy Fuller (collectively, the "Individual Plaintiffs, and together with OCCW, "Plaintiffs"). The parties to this Agreement are referred to herein individually as a "Party" and collectively as the "Parties."

## RECITALS

**A.** **WHEREAS**, on January 29, 2018, OCCW and certain of the Individual Plaintiffs (Lisa Bell, Melissa Fields, Gloria Shoemake, Shawn Carroll, Larry Ford, Cameron Ralston, and Kathy Fuller) filed this Action, entitled *Orange County Catholic Worker v. Orange County*, California Central District Case No. 8:18-cv-00155 (the "Action"), against the County of Orange, the City of Costa Mesa, the City of Orange, and City of Anaheim (collectively, "Defendants").

**B.** **WHEREAS**, on July 26, 2018, all Plaintiffs filed a "First Amended Complaint" ("FAC") in the Action, against all Defendants. Among other changes from the original complaint, the FAC added Richie Thomas as a named Plaintiff and pleaded a potential class action against the County of Orange. At the time of this Agreement, the FAC is the operative complaint in the Action.

**C.** **WHEREAS**, the FAC alleges that OCCW is an unincorporated association dedicated to the service and care of the poor in Orange County, and that the Individual Plaintiffs are homeless individuals residing in Orange County. The FAC alleges, *inter alia*, that Defendants, and each of them, have violated the Individual Plaintiffs' rights by enforcing various trespass, loitering, and/or anti-camping ordinances or laws against them at times when, according to Plaintiffs, there were no immediately accessible and appropriate beds available to them in Orange County. Costa Mesa disputes the factual allegations and legal contentions made by Plaintiffs in the FAC.

**D.** **WHEREAS**, the FAC alleges the following claims for relief against Costa Mesa, as well as the other Defendants: (1) violation of the Eighth and

Fourteenth Amendments to the U.S. Constitution (42 U.S.C. § 1983), and Article VII, sec. 17, of the California Constitution for alleged "cruel and unusual punishment" (First Cause of Action), (2) violation of the First and Fourth Amendments to the U.S. Constitution (42 U.S.C. § 1983) (Second Cause of Action), (3) violation of the right to due process of law under the Fourteenth Amendment to the U.S. Constitution (42 U.S.C. § 1983) (Third Cause of Action), (4) violation of California Civil Code section 52.1 (Seventh Cause of Action), (5) violation of California Government Code section 815.6 (Eighth Cause of Action), and (6) violation of California Government Code 11135 (Ninth Cause of Action). Costa Mesa disputes each of these claims for relief in their entirety, and disputes Plaintiffs' underlying legal contentions and theories.

**E.   WHEREAS,** without admitting any wrongdoing, liability, or legal violations on the part of Costa Mesa, without conceding the validity of any of Plaintiffs' legal theories or claims, and for the sole purpose of resolving the Action and any claims relating thereto in an economic and efficient manner, the Parties now desire to enter into this Agreement on the terms set forth herein.

## TERMS

**NOW, THEREFORE,** for full and valuable consideration, the sufficiency of which is hereby acknowledged, and based upon the foregoing Recitals, and the terms, conditions, covenants, and agreements herein, the Parties agree as follows:

### 1.   Order for Continuing Jurisdiction, and Effective Date.

Following the full execution of this Agreement by all Parties, the Parties shall file with the Court in the Action the "[Proposed] Order re Settlement and Continuing Jurisdiction," attached hereto as <u>Exhibit A</u> (the "Order"). The obligations of the Parties in the remaining sections of this Agreement, and the releases contained herein, shall become effective and operative on the date on

which the Order is signed and entered by the Court, and shall be contingent upon the Court's signing and entry of the Order (hereinafter, the "Effective Date").

**2.** **Incorporation of Recitals.**

The representations in the above section of this Agreement, entitled "RECITALS," are hereby incorporated into and made a material part of the terms and representations of this Agreement.

**3.** **Construction and Operation of New Homeless Shelter(s).**

Costa Mesa commits to the following with respect to the funding and/or expedited review of one or more new facilities to provide placements for unsheltered individuals within the City's jurisdiction:

**3.1** Costa Mesa shall fund, or obtain funding from the County, other cities, state, federal or private sources for, the construction and initial operation of temporary, low-barrier homeless shelters at location(s) within Costa Mesa (collectively, the "Shelters," and individually a "Shelter"), with a total capacity of at least 62 beds to be operational and with a goal of having the facilities operational within forty-five (45) days of this Agreement (in the aggregate amongst all such Shelters). Costa Mesa shall have complete discretion in determining which, if any, Shelter projects to fund, and which Shelter projects are suitably feasible, subject to any limitations set forth herein.

**3.2** Plaintiffs acknowledge and agree that the creation of these Shelters or any portion thereof initially totaling 62 Shelter beds, shall satisfy Costa Mesa's obligations under Paragraph 3.1 of this Agreement to meet the Court's requirement of available placements for at least 60 percent of the unsheltered individuals in the Defendant City.

**4.** **Enforcement of Anti-Camping and Anti-Loitering Provisions.**

**4.1** Costa Mesa shall establish the following policies and procedures relating to the enforcement of Costa Mesa Municipal Code

4

sections 10-194, 11-302, 11-304 and 11-306 (collectively, the "Anti-Camping Provisions"), or any comparable provisions of state law, or any law concerning "loitering" against homeless individuals within its jurisdiction:

    **4.1.1**  Outreach and Engagement personnel will determine appropriate placements for the indigent homeless persons and the availability of said placements. Disputes over appropriate placement will be subject to the policies and procedures outlined in this agreement. Absent exigent circumstances, after engagement by Outreach and Engagement personnel, an indigent homeless person will be given a warning of the alleged violation and notice (constituting at least one full business day after engagement) of their service and shelter options. After an offer of appropriate placement, a warning, and notice of the need to relocate, and an opportunity to accept the placement or voluntarily relocate, Costa Mesa may utilize criminal law, including any applicable City, County or State statutes or ordinances, federal laws, codes or regulations, codes laws to effect the person's removal.

    A.       To further the goals of maximizing eligibility for, and providing services to, unhoused persons so they can be enrolled in available benefit programs, including homeless court, Costa Mesa law enforcement will endeavor, when feasible, to charge offenses based on the Anti-Camping Provisions as infractions rather than misdemeanors. However, nothing herein shall be construed to preclude Costa Mesa law enforcement from enforcing criminal law not asserted to be based on homeless status.

    B.       Nothing herein shall be construed to prevent Costa Mesa from performing routine maintenance, remediation, or cleaning projects, as determined to be necessary by the City.  Costa Mesa will advise Plaintiffs' counsel when a proposal, plan or project is expected to be submitted to the

City Council or appropriate City agency if said proposal, plan or project will result in the displacement of an unsheltered community consisting of more than 10 individuals and, if necessary, submit the proposal to the Court's dispute resolution process pursuant to this agreement. The parties will meet and confer in good faith on the implementation of the project as it impacts an unsheltered community. Except in cases of emergency, in the event of such projects, the City shall provide at least 24 hours' notice to affected indigent homeless persons and shall provide storage, at no charge, for their personal property. This section does not prevent the removal at any time of contraband, weapons, or items which create an immediate threat to public health and safety. The parties agree to meet and confer on the extent of the City's obligation to store personal property seized during such projects. The parties recognize that the provisions of this section do not apply to the City's obligation to provide for the personal property of individuals residing in the City's anticipated shelter facilities, except that contraband, weapons and items that present an immediate threat to public health and safety will not be permitted in or stored at future shelters.

   **4.1.2**   The City agrees to make appropriate referrals to the Collaborative Courts regarding citations incurred by homeless individuals.

   **4.1.3**   The requirements of this Section 4.1 shall only apply until the earlier of (a) the date on which the case of *Martin v. City of Boise*, Case No. 15-35845, 2018 WL 4201159 (9th Cir. Sept. 4, 2018) ("*Martin v. Boise*") is no longer applicable law within the jurisdiction of the Ninth Circuit, and (b) the date on which the Court finds that there are sufficient appropriate and immediately available placements for the unsheltered population in the City of Costa Mesa.

   **4.2**   Costa Mesa shall not cite or arrest any homeless individual for violation of the law based on an alleged obstruction of public property unless that individual, either individually or in conjunction with his or her

6

property, actually obstructs free passage of any person or vehicle on any public highway, alley, sidewalk, or crosswalk and declines to move the object(s) creating obstruction from the public right of way after being requested to do so.

    **4.3**   Nothing in this Agreement constitutes an admission by Costa Mesa that its current policies and procedures for enforcement of the Anti-Camping Provision and/or Anti-Loitering Provision are either (a) different from those set forth above, or (b) in any way legally inadequate, or a concession by Plaintiffs that it is legally adequate.

    **4.4**   Nothing in this Agreement constitutes a promise, representation, or warranty, on the part of Costa Mesa, that any number of beds will be available to any particular person(s) at any time. The lack of availability of an appropriate and immediately accessible bed for any person or persons at any time, including any of the Plaintiffs, may impact the ability of Costa Mesa to find a purported violation of law, including but not limited to the Anti-Camping Provisions.  However, the failure to meet the number of beds set out in this agreement, and a failure of a shelter to meet reasonable accommodation needs, may be raised with this Court under the Dispute-Resolution procedure set forth below.

    **4.5**   Except as provided for in Section 4, hereinabove, nothing in this agreement shall impact Costa Mesa's right to enforce any law against a person believed to be homeless, including issuing citations and arresting the person for an alleged violation of the law.

**5.**       **<u>Disability Laws.</u>**

    **5.1** Any agreement entered into by Costa Mesa with a privately operated Shelter(s) or a private contractor to operate a public shelter, will require that the facility meets the requirements of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* (the "ADA"), its associated regulations, or any other state or federal laws relating to disabilities, including but not limited to the Fair

Housing Act 42 U.S.C. §§ 3601 *et seq.*, the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*, and/or Government Code section 11135 (collectively with the ADA, the Disability and Anti-discrimination Laws").

     5.2    The Parties hereby agree that any and all disputes concerning the adequacy of any placement offered to a homeless individual pursuant to Section 4.1 of this Agreement, including but not limited to whether the offered placement sufficiently accommodates the individual's disabilities, will be resolved via the "Dispute-Resolution Process," as defined below.

    **6.**    **Dispute-Resolution Process.** The Court shall retain jurisdiction over the Action for a period of three years from the date of this Agreement (hereinafter, the "Termination Date"), for the purposes of (a) overseeing the implementation of this Agreement, and (b) implementing and presiding over the a dispute-resolution process (the "Dispute-Resolution Process"), to be established by the Court and to which Plaintiffs and Costa Mesa, hereby consent and agree:

    6.1    Costa Mesa will ensure appropriate due process protocols, including a timely and effective administrative appeals process, for homeless individuals being denied access to, or being terminated from, any City-administered mental health services, shelter, or housing resources. Due process procedures may vary by the provider, program and shelter, but all such due process procedures shall comply and be otherwise consistent with local, state, and federal laws. The due process procedure will incorporate pre-termination written notice given at least 36 hours in advance, to allow for appeals during business hours, although the City or its Operator(s) is/are not prohibited from exiting an individual immediately from a placement if a concern arises regarding the safety and/or security of the program operations.

    6.2    Costa Mesa will make reasonable efforts to provide alternative placements or, if no placements are available, referrals to clients who are exiting programs. The placement process will start when the notice of termination is

given and will include assistance by a staff member in securing an alternative placement, although Costa Mesa is not prohibited from exiting an individual prior to the placement process if the individual is jeopardizing the safety and/or security of the program operations.

      **6.3**    The parties agree that a more thorough and detailed notice and grievance review procedure that complies and is otherwise consistent with state and federal law must be developed and agreed to by the parties. The parties anticipate that every effort will be made by the parties to resolve the issues prior to seeking review by the District Court. The parties agree that the District Court will have the authority to enforce the terms of the agreement and resolve disputes as they may arise. The parties agree to make reasonable efforts to exhaust any and all applicable meet and confer and/or grievance procedures prior to contacting the Court, except in instances where the health or safety of individuals is at risk of imminent harm. The informal court hearing process will be established by mutual agreement and with the approval of the Court. The parties shall make every reasonable, good-faith effort to have these disputes heard by the Court during normal business hours, but understand that the hearings may be dependent upon (1) the Court's availability, and (2) circumstances in which the health or safety of an individual is at risk of imminent harm.

      **6.4**    In resolving any Dispute, the Court may enforce any rights available to a Party under this Agreement, subject to sufficient notice, opportunity to be heard, briefing, evidence, and other due process. The Court shall not be empowered to award damages or any other monetary relief to any Party as a result of any Dispute submitted to this process.

## 7.    Release and Covenant Not to Sue.

      **7.1**    In consideration for the terms of this Agreement, Plaintiffs, and each of them, on their own behalf (the "Releasing Parties"), hereby release and forever discharge Costa Mesa, as well as its present and former employees,

agents, managers, officers, directors, council members, insurance companies, attorneys, departments, and divisions or affiliated entities, whether previously or hereafter affiliated in any manner (the "Released Parties"), from and against any and all claims, demands, causes of action, obligations, damages, attorneys' fees, costs, and liabilities, arising from and relating to the events detailed in the lawsuit of any nature whatsoever, whether or not now known, suspected, or claimed, which the Releasing Parties, and/or any of them, have, or ever may claim to have, as against the Released Parties, or any of them, whether directly or indirectly, relating to or arising out of (a) the Action, (b) any claims raised in, or that could have been raised in, the Action, (c) the availability of homeless shelters, shelter beds, and/or other homeless accommodations in Costa Mesa and or Orange County, (d) Costa Mesa's alleged obligation to provide and/or fund such accommodations, and/or (e) Costa Mesa's alleged inability to enforce any of the Ordinances identified herein (including but not limited to any law that the Releasing Parties claim criminalizes a person's homeless status), against any person because of his or her homeless status (hereinafter, the "Released Claims"), conditional upon the provision of section 4.1.3, hereinabove.

      **7.3**    The release set forth above is a release of ALL claims, demands, causes of action, obligations, damages, and liabilities, of any nature whatsoever, and is intended to encompass all known and unknown, foreseen and unforeseen, claims that are possessed by the Releasing Parties and within the scope of the Released Claims based solely and only on the events giving rise to this Action. To effectuate the intent of the Parties, the Releasing Parties expressly agree to waive and relinquish all rights and benefits they may have under Section 1542 of the Civil Code of the State of California, which reads as follows:

> § 1542. [General release; extent] A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

**7.4** The Releasing Parties, and each of them, warrant that they have made no assignment, and will make no assignment, of any claim, chose in action, right of action, or any right, of any kind whatsoever, within the scope of the Released Claims, and that no other person or entity of any kind had or has any interest in any of the demands, obligations, actions, causes of action, debts, liabilities, rights, contracts, damages, attorneys' fees, costs, expenses, losses, or claims within the scope of the Released Claims.

**8.     Dismissal of the Action.** At the conclusion of the Court's retained jurisdiction, Plaintiffs will take all necessary actions and file all necessary documents to effectuate dismissal of the Action, with prejudice.

**9.     Settlement Payments and Attorneys' Fees.** Within thirty (30) days after the full execution of this Agreement by the Parties, Costa Mesa shall make the following payments to the following persons or entities:

a. $24,000 made payable to the Elder Law and Disability Rights Center in full satisfaction of any claims for attorneys' fees and/or costs of Plaintiffs' counsel in connection with the Action;

b. $7,500 to be placed into the trust account of the Elder Law and Disability Rights Center to be used towards rent to be paid by or on behalf of Melissa Fields for housing, in satisfaction of any claims for damages on behalf of Melissa Fields. The Parties agree that the City of Costa Mesa has already provided additional consideration in the form of the following payments and services on behalf of Plaintiff Melissa Fields: i) Motel Vouchers since July 2018 and on and off from March 2018 to July 2018; ii) Food Vouchers since July 2018; iii) Uber Cards since March 2018; iv) Bus passes and taxi transportation since March 2018; v) Assistance with housing resources until she was approved for an apartment in Costa Mesa; vi) Offers to assist with additional resources in addition to providing housing resources such as applying for Social Security benefits and being linked to Veterans services for her partner. Assistance to Plaintiff Fields has totaled over

11

$26,000 for the period from March 2018 to the present time.

The Parties further agree that should Plaintiff Melissa Fields relocate from Costa Mesa, for purposes of this matter, she will no longer be deemed a resident of Costa Mesa.

Except as set forth above, all Parties, and all Releasing Parties, shall bear their own costs, expenses, and attorneys' fees in relation to or arising out of (a) the Action, (b) the resolution, negotiation, and settlement of the Action, including the negotiation of this Agreement, and (c) the implementation of this Agreement, including the resolution of any Dispute.

**10.    Non-Admission of Liability.** By entering into this Agreement, Costa Mesa admits no liability, and explicitly denies any liability or wrongdoing of any kind arising out of or relating to any of the claims alleged in the Action. Nothing herein constitutes an admission by Costa Mesa as to any interpretation of laws, or as to the merits, validity, or accuracy of any of the claims or legal contentions made against it in the Action, or that the claims alleged in the Action are suitable for class-wide treatment (which Costa Mesa expressly denies). Costa Mesa has entered into this Agreement solely to avoid the time, expense, and risk of continued litigation. The Parties agree that an express condition of this settlement is that there has been no finding of liability on the merits, that the plaintiffs have agreed to move for dismissal of the class allegations, and that this settlement and any document related to this settlement, including this Agreement and the Order, and the negotiations leading up to this settlement, shall be inadmissible in evidence and shall not be used for any purpose in this or any other proceeding except in an action or proceeding to approve, interpret, or enforce the Agreement.

**11.    Knowing and Voluntary.** This Agreement is an important legal document and in all respects has been voluntarily and knowingly executed by the Parties. The Parties, and each of them, specifically represent that, prior to signing

this Agreement, (a) they have each been provided a reasonable period of time within which to consider whether to accept this Agreement, (b) they have each

carefully read and fully understand all of the provisions of this Agreement, and (c) they are voluntarily, knowingly, and without coercion entering into this Agreement based upon their own judgment. Plaintiffs, and each of them, further specifically represent that, prior to signing this Agreement, they have conferred with counsel of their choice to the extent desired concerning the legal effect of this Agreement, and that the legal effect of this Agreement has been adequately explained to them.

12. **Entire Agreement.** This Agreement constitutes the entire agreement between the Releasing Parties and Costa Mesa regarding the matters discussed herein and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the Releasing Parties and Costa Mesa relating to the subject matter hereof. The Releasing Parties and Costa Mesa each acknowledge that no representations, inducements, promises, agreements, or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in this Agreement, that they have not executed this Agreement in reliance on any such representation, inducement, promise, agreement, or warranty, and that no representation, inducement, promise, agreement, or warranty not contained in this Agreement, including, but not limited to, any purported supplements, modifications, waivers, or terminations of this Agreement, shall be valid or binding, unless executed in writing by all of the Parties to this Agreement. Any alteration, change, or modification of or to this Agreement shall be made by written instrument executed by each Party hereto in order to become effective.

13. **Warranty of Authority.** Each individual or entity that executes this Agreement represents and warrants, in his, her, or its personal capacity, that he,

she, or it is duly authorized and empowered to enter into this Agreement on behalf of the Party it purports to represent.

**14.    Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall be considered an original but all of which shall constitute one agreement.

IN WITNESS WHEREOF, this Settlement Agreement is hereby entered into and executed by the parties hereto on the dates set forth below.

IN WITNESS WHEREOF, this Settlement Agreement is hereby entered into and executed by the parties hereto on the dates set forth below.

Dated: _March 4, 8_, 2019          ORANGE COUNTY CATHOLIC WORKER

By: _____

Its: _____

Dated: _____, 2019          MELISSA FIELDS, ON HER OWN BEHALF

_____

Dated: _March 4_, 2019          CITY OF COSTA MESA

By: _____

Its: _____

14

1
2 APPROVED AS TO FORM:

3 Dated: _March 4_____, 2019

4

5                                    ELDER LAW AND DISABILITY
                                     RIGHTS CENTER
6

7 By: _Brooke Weitzman_____
                                     Brooke Weitzman
8                                    Attorneys for Plaintiffs

9

10 Dated: _March 4_____, 2019

11                                   LAW OFFICE OF CAROL A. SOBEL

12 By: _Carol A Sobel_____

13                                   Carol A. Sobel
                                     Attorneys for Plaintiffs
14

15

16

17 Dated: _March 4_____, 2019       JONES & MAYER

18 By: _Kimberly Hall Barlow_____

19                                   Kimberly Hall Barlow

20                                   Attorneys for City of Costa Mesa

21

22 It is so ordered.

23

24 DATED: _March 4, 2019_           _David O. Carter_____

25                                   DAVID O. CARTER
                                     UNITED STATES DISTRICT JUDGE
26

27

28