1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| ORANGE COUNTY CATHOLIC WORKER, et al., | Case No. 8:18-cv-00155 DOC (JDE) |
|        Plaintiffs, | **SETTLEMENT AGREEMENT BY AND BETWEEN CITY OF LAGUNA BEACH AND ORANGE COUNTY CATHOLIC WORKER** |
|    v. | |
| ORANGE COUNTY, et al., | |
|        Defendants. | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between, on the one hand, the City of Laguna Beach ("Laguna Beach") and, on the other hand, Orange County Catholic Worker ("OCCW") (an unincorporated association, acting by and through its designated representatives). The parties to this Agreement are referred to herein individually as a "Party" and collectively as the "Parties."

## RECITALS

A.    **WHEREAS**, on January 29, 2018, OCCW and certain individual

plaintiffs (Lisa Bell, Melissa Fields, Gloria Shoemake, Shawn Carroll, Larry Ford, Cameron Ralston, and Kathy Fuller) filed this action, entitled *Orange County Catholic Worker v. Orange County*, U.S. District Court (C.D. Cal.) Case No. 8:18-cv-00155 (the "Action"), against the County of Orange ("County"), the City of Anaheim, the City of Costa Mesa, and the City of Orange (collectively, "Defendants").

**B.    WHEREAS,** on March 13, 2018, the City of Santa Ana intervened in the Action.

**C.    WHEREAS,** on April 26, 2018, the City of Santa Ana filed a cross-complaint in the Action against the County and all other cities in Orange County, including Laguna Beach, alleging (1) violation of the Eighth Amendment (cruel and unusual punishment), (2) violation of the Fourteenth Amendment (equal protection), and (3) violation of the Fourteenth Amendment (due process).

**D.    WHEREAS,** on July 26, 2018, all Plaintiffs filed a "First Amended Complaint" ("FAC") in the Action against all Defendants.  Among other changes from the original complaint, the FAC added Richie Thomas as a named Plaintiff and pleaded a potential class action against the County.

**E.    WHEREAS,** the FAC alleges that OCCW is an unincorporated association dedicated to the service and care of the poor in Orange County, and that the individual plaintiffs are homeless individuals residing in Orange County.  The FAC alleges, *inter alia*, that Defendants, and each of them, have violated the individual plaintiffs' rights by enforcing various trespass, loitering, and/or anti-camping ordinances or laws against them at times when, according to the plaintiffs, there were no immediately accessible and appropriate beds available to them in Orange County.

**F.    WHEREAS,** the FAC alleges the following claims for relief against Defendants: (1) violation of the Eighth and Fourteenth Amendments to the U.S. Constitution (42 U.S.C. § 1983), and Article VII, sec. 17, of the California

1   Constitution for alleged "cruel and unusual punishment" (First Cause of Action), (2)

2   violation of the First and Fourth Amendments to the U.S. Constitution (42 U.S.C. §

3   1983) (Second Cause of Action), (3) violation of the right to due process of law

4   under the Fourteenth Amendment to the U.S. Constitution (42 U.S.C. § 1983) (Third

5   Cause of Action), (4) violation of California Civil Code section 52.1 (Seventh Cause

6   of Action), (5) violation of California Government Code section 815.6 (Eighth

7   Cause of Action), and (6) violation of California Government Code 11135 (Ninth

8   Cause of Action).

9        **G.     WHEREAS,** at this time, the FAC is the operative complaint in this

10   Action.

11       **H.     WHEREAS,** on September 23, 2019, OCCW filed a Supplemental

12   Complaint adding Laguna Beach as a Defendant.

13       **I.     WHEREAS,** Laguna Beach disputes the factual allegations and legal

14   contentions made by the plaintiffs in the FAC.  Without admitting any wrongdoing,

15   liability, or legal violations on the part of Laguna Beach, without conceding the

16   validity of any of the plaintiffs' legal theories or claims, and for the sole purpose of

17   resolving the Action and any claims relating thereto in an economic and efficient

18   manner, the Parties now desire to enter into this Agreement on the terms set forth

19   herein.

20                               **TERMS**

21       **NOW, THEREFORE,** for full and valuable consideration, the sufficiency of

22   which is hereby acknowledged, and based upon the foregoing Recitals, and the

23   terms, conditions, covenants, and agreements herein, the Parties agree as follows:

24       **1.     Order for Continuing Jurisdiction, and Effective Date.**  Following

25   the full execution of this Agreement by all Parties, the Parties shall file with the

26   Court in the Action the "[Proposed] Order re Settlement and Continuing

27   Jurisdiction," attached hereto as Exhibit A (the "Order").  The obligations of the

28   Parties in the remaining sections of this Agreement, and the releases contained

herein, shall become effective and operative on the date on which the Order is signed and entered by the Court, and shall be contingent upon the Court's signing and entry of the Order (hereinafter, the "Effective Date").

2.  **Incorporation of Recitals.**  The representations in the above section of this Agreement, entitled "RECITALS," are hereby incorporated into and made a material part of the terms and representations of this Agreement.

3.  **Operation of Homeless Shelter.**

   3.1    Continuously from and after November 2009, Laguna Beach has owned, funded, and contracted for the operation of a low barrier, 45-bed emergency shelter within the city – commonly known and referred to as the Alternative Sleeping Location ("ASL"). The ASL is currently located at 20652 Laguna Canyon Road and is the subject of a service provider contract with the Friendship Shelter. The ASL currently has a housing-focused enrollment program, offering 30-day renewable increments of time to unaccompanied homeless individuals actively pursuing a housing plan, with an enrollment preference provided to persons having demonstrated connections and ties to the local community. A separate day program is currently available as a pilot program for enrolled and non-enrolled individuals, with support staff, County mental health resources, laundry, hygiene amenities, computer/internet access, and linkages to community-based services. When originally established, on average, approximately 30-40 of the overnight guests at the ASL were qualified under the locals preference. Presently, on average, and due to the historical operations of the ASL and the efforts of Laguna Beach to transition individuals, more than 200 to date, to more stable housing arrangements, including reunification with families or friends committed to furnish support, approximately 10-15 of the enrolled overnight guests at the ASL qualify for the locals preference, with the remainder having originated from other jurisdictions. In addition, the Parties acknowledge that the operation of the ASL is subject to a class settlement agreement relating to the Americans with Disabilities Act and the Rehabilitation Act

1 that was filed in the action entitled *Glover, et al. v. City of Laguna Beach*, U.S.

2 District Court (C.D. Cal.) Case No. SACV 15-01332 AG (DFMx).

3        **3.2**     So long as the number of shelter beds within the city of Laguna

4 Beach is not less than 60% of the unsheltered individuals in the city of Laguna

5 Beach as described in the 2019 Point-in-Time Count,[1] OCCW acknowledges that

6 Laguna Beach will satisfy the Court's requirement for available placements, and

7 OCCW further acknowledges that the currently available beds at the ASL meets this

8 requirement. All such beds shall be operated on a non-religious basis and in full

9 compliance with all applicable federal and state non-discrimination laws, including

10 but not limited to California Government Code section 11135.

11     **4.**     **Enforcement of Anti-Camping Provisions.**

12        **4.1**     Laguna Beach shall establish the following policies and

13 procedures relating to the enforcement of Laguna Beach Municipal Code chapter

14 8.30 or any other state or local law concerning lodging, curfew, closing hours, or

15 loitering applied against homeless individuals within its jurisdiction (collectively,

16 the "Anti-Camping Provision"):

17        **4.1.1**   Absent exigent circumstances, any enforcement of the

18 Anti-Camping Provision against a homeless individual (including any of the named

19 Plaintiffs) will be preceded by contacts by appropriate outreach and engagement

20 (O&E) personnel to determine appropriate placement(s) for the individual in

21 question, per the procedures outlined herein. The parties agree that a substantial

22 number of homeless individuals experience one or more disabilities, both physical

23 and non-physical, and that, as a result, the services available at an emergency or

24 other shelter may not provide a reasonable accommodation for every person with a

25 disability. It is understood that experienced O&E personnel are important to

26

27 [1]   For purposes of this Agreement, Laguna Beach is aware of the statistics reported in the 2019
Point-in-Time Count with regard to the number of unsheltered individuals in the city; however,

28 Laguna Beach does not agree with the accuracy of the number or the validity of the methodology
utilized.

1   ensuring that requests for reasonable accommodations are properly and timely
2   evaluated.  For purposes of this Agreement, the term "appropriate outreach and
3   engagement personnel" shall include County of Orange outreach and engagement
4   personnel, Laguna Beach personnel and consultants, and/or representatives of the
5   Friendship Shelter or any other organization(s) with which Laguna Beach may
6   contract for such outreach and engagement services.  Those persons described as
7   "appropriate outreach and engagement personnel" shall be trained in engaging in
8   assessments of individuals with disabilities when necessary to determine an
9   appropriate placement with a reasonable accommodation of the individual's
10  disability.

11          **4.1.2**   In implementation of Section 4.1.1, prior to enforcement
12  of the Anti-Camping Provision against any homeless individual, Laguna Beach will
13  first work with appropriate O&E personnel as necessary to offer an immediately
14  available placement for the individual in question in the city of Laguna Beach.  If no
15  such placement is available in the city of Laguna Beach but an alternative
16  appropriate and immediately available placement within the County of Orange is
17  identified by the O&E personnel, Laguna Beach may offer the individual placement
18  at that placement.  Laguna Beach may consider this offer an "available bed" for
19  purposes of enforcement so long as the placement does not unreasonably impede the
20  individual's ability to access medical appointments, outpatient programs in which
21  they may be enrolled, work, and other support systems.  If the individual accepts the
22  offered placement outside of the city of Laguna Beach, Laguna Beach will provide
23  transportation to the placement and bus passes or any other necessary transportation
24  to and from scheduled appointments in the city of Laguna Beach or work in the city
25  of Laguna Beach, when there are existing ties of the individual to the service
26  provider and/or employer at the time of such placement, that are necessitated by the
27  placement outside of the city of Laguna Beach.

28          **4.1.3**  If the individual declines the offered placement, Laguna

1  Beach may proceed with enforcement of the Anti-Camping Provision in its
2  discretion.  Notwithstanding the preceding sentence, for any individual who declines
3  the offered placement, Laguna Beach will first give the person a warning and an
4  opportunity to immediately leave the location before engaging in citation and/or
5  arrest.  If the alleged violation arises from an individual's presence on a beach or in
6  a park outside of the established operational hours of the beach or park in the
7  Laguna Beach Municipal Code, or other applicable municipal law or regulations, or
8  from an individual's presence in wilderness or open space areas within very high
9  fire hazard severity zones, and if there is no appropriate and immediately available
10 placement for that person, Laguna Beach will advise the individual of a location
11 they may move to and avoid citation or arrest for a violation of any laws proscribing
12 camping on public property, including beaches and parks, loitering, and any other
13 alleged violation of law arising from the individual's status as homeless, until an
14 appropriate and immediately available bed is made available to the individual.  If the
15 individual fails to relocate to another location as directed, then the individual may be
16 issued a citation or, subject to the provisions of Sections 6.3 and 6.4 of this
17 Agreement, placed under custodial arrest for the violation.  Laguna Beach will
18 advise the individual of the availability of the Dispute-Resolution Process described
19 in Section 6 of this Agreement and will provide a contact number for OCCW's
20 attorneys in the Action.

21         **4.1.4**  The requirements of this Section 4.1 shall only apply until
22 the earlier of (a) the date on which the case of *Martin v. City of Boise*, Case No. 15-
23 35845, 2018 WL 4201159 (9th Cir. Sept. 4, 2018) ("*Martin v. Boise*") is no longer
24 applicable law within the jurisdiction of the Ninth Circuit, or (b) the date on which
25 the Court finds that there are sufficient appropriate and immediately available
26 placements for the unsheltered homeless population in the city of Laguna Beach.

27         **4.2**   Laguna Beach shall not cite or arrest any homeless individual for
28 violation of the law based on an alleged obstruction of public property unless that

individual, either individually or in conjunction with his or her property, actually obstructs free passage of any person or vehicle on any public highway, alley, sidewalk, or crosswalk and declines to move the object(s) creating obstruction from the public right of way after being requested to do so, or actually obstructs with access to a public highway, alley, sidewalk, or crosswalk for sanitation, cleaning, or routine maintenance or repair purposes and declines to cease the obstruction after being requested to do so.

**4.3**    Nothing in this Agreement constitutes an admission by Laguna Beach that its current policies and procedures for enforcement of the Anti-Camping Provision and/or other laws as set forth in Section 4.1 above are either (a) different than those set forth above, or (b) in any way legally inadequate, or a concession by Plaintiffs that it is legally adequate.

**4.4**    Nothing in this Agreement constitutes a promise, representation, or warranty, on the part of Laguna Beach, that any number of beds will be available to any particular person(s) at any time.  The lack of availability of an appropriate and immediately accessible bed for any person or persons at any time, including any of the Plaintiffs, may impact the ability of Laguna Beach to enforce laws regulating camping in a public place, being on a beach or in a park during non-operational hours, or loitering, as set forth in Section 4.1 above.

**5.**    **Anti-Discrimination Laws.**

**5.1**    Any agreement entered into by Laguna Beach, whether directly or by an MOU with other cities and/or County, with a privately operated shelter or a private contractor to operate a public shelter, will require that the facility or the collective facilities subject to the agreement(s) to meet all applicable anti-discrimination laws, including but not limited to the requirements of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), its associated regulations, or any other state or federal laws relating to disabilities, including but not limited to the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, the Rehabilitation Act,

1    29 U.S.C. § 701 *et seq.*, and/or Government Code section 11135.

2    **5.2**    The Parties hereby agree that any and all disputes concerning the

3    adequacy of any placement offered to a homeless individual pursuant to Section 4.1

4    of this Agreement, including but not limited to whether the offered placement

5    sufficiently accommodates the individual's disabilities, will be resolved via the

6    "Dispute-Resolution Process," as defined below.

7    **6.    Dispute-Resolution Process.**    The Court shall retain jurisdiction over

8    the Action for a period of four years from the Effective Date for the purposes of (a)

9    overseeing the implementation of this Agreement, and (b) implementing and

10    presiding over the a dispute-resolution process (the "Dispute-Resolution Process")

11    to be established by the Court and to which Plaintiffs and Laguna Beach hereby

12    consent and agree:

13    **6.1**    Except as expressly identified in this Agreement, or as may be

14    modified by the Court or the Parties, with the Court's consent, during the four-year

15    period of the Court's continued jurisdiction, this Dispute-Resolution Process shall

16    apply to adjudicate any and all disputes between, on the one hand, Laguna Beach,

17    and, on the other hand, any homeless individual or individuals who consent, at the

18    time of requesting the Dispute-Resolution Process, to be bound by the Dispute-

19    Resolution Process and the provisions of this Agreement applicable to the Plaintiffs

20    (including but not limited to any individual Plaintiffs), relating to (a) the

21    implementation of this Agreement, and/or (b) Laguna Beach's enforcement of the

22    above-identified Municipal Code sections, or other laws applied against any

23    homeless person arising out of that individual's homeless status,  including but not

24    limited to disputes regarding the availability or adequacy of any shelter or shelter

25    services offered to the individual pursuant to Section 4.1 of this Agreement and

26    expressly excluding violations of law relating to conduct not arising from the

27    individual's homeless status (examples include but are not limited to possession of

28    illegal substances or weapons, acts of violence, public intoxication, defecation or

1 urination in public, etc.) (collectively, the "Disputes," and individually, a
2 "Dispute").

3       **6.2**    In the event of any Dispute arising during the pendency of the
4 Court's retained jurisdiction, the parties to that Dispute will first attempt to meet and
5 confer informally with the other side in an effort to resolve it. In the case of a
6 Dispute raised by one or more homeless individuals against Laguna Beach, or a
7 Dispute raised by Laguna Beach against one or more homeless individuals,
8 including any such persons who are known to be, or the City is advised are,
9 represented by counsel of record in the Action, this attempt will at least involve (a) a
10 written communication from the party initiating the Dispute to the other side's
11 counsel describing in detail the Dispute and the requested remedy, and providing
12 any available evidence in relation thereto, and (b) a discussion, either in person or
13 via telephone, seeking to resolve the Dispute.  In the event the City receives a
14 complaint from a homeless individual, Laguna Beach employees, as well as the
15 employees of the operator of the ASL, shall give any affected individual notice of
16 the Court's Dispute-Resolution Process and the contact information for Plaintiffs'
17 counsel, together with a statement that Plaintiffs' counsel may be available to assist
18 them.

19       **6.3**    If the parties to a Dispute are unable to resolve it within two (2)
20 court days after it is first raised informally by one of the parties to the Dispute, any
21 party to the Dispute may request a hearing with the Court under the standards and
22 processes to be set by the Court, and the Court will have jurisdiction to resolve that
23 Dispute.  If the Dispute involves an emergency situation that presents a threat to the
24 immediate health and safety of an individual, the parties may seek expedited review
25 by the Court.

26       **6.4**    The fact that a person has initiated the Dispute-Resolution
27 Process shall not impact Laguna Beach's right to enforce any law against that
28 person, including issuing citations to the person, concurrently with the Dispute-

Resolution Process.  However, Laguna Beach agrees that no custodial arrest will be made for a violation of the anti-camping, loitering, and similar laws arising from an individual's status as homeless prior to the exhaustion of the Dispute-Resolution Process with the Court pursuant to Section 6.3 of this Agreement.  In circumstances involving citation, the Court may issue an order directing Laguna Beach to stay the filing of formal charges against the homeless individual until the Dispute-Resolution Process has been completed for that Dispute.  Laguna Beach agrees not to contest such a request for a brief stay of the filing of charges.  Once the Dispute-Resolution Process has concluded regarding an issue, Laguna Beach will not be required to await exhaustion of the Dispute-Resolution Process regarding the same issue and the same individual prior to a custodial arrest where the individual does not comply with a warning or leave once a citation has been issued, provided Laguna Beach complies with the Court's determination of that same issue for that same individual. For purposes of the Section 6.4, "same issue" refers to an issue determined by the Court in the Dispute-Resolution Process where the individual's objections, including any claim of alleged disability, physical limitations and the offered placement are substantially similar for purposes of determining whether the individual's disability or other objection is being reasonably accommodated.

     **6.5**   In resolving any Dispute, the Court may enforce any rights available to a party under this Agreement, subject to sufficient notice, opportunity to be heard, briefing, evidence, and other due process.  The Court shall not be empowered to award damages or any other monetary relief to any party as a result of any Dispute submitted to this process.  Nothing in this Agreement limits the ability of any Plaintiff to seek damages in other proceedings not subject to this Agreement.

     **6.6**   Should either party disagree with the Court's determination resulting from the Dispute-Resolution Process, nothing in this Agreement shall preclude either party from commencing litigation concerning the subject of said

1  Dispute, and pursuing any remedies available at law; provided that in advance of
2  initiating such action, the parties shall first engage in an in-person meet-and-confer
3  to occur within seven (7) calendar days of a request from the other party.

4  **7.    Release and Covenant Not to Sue.**

5  **7.1**    In consideration for the terms of this Agreement, Plaintiffs, and
6  each of them, on their own behalf, and any other individual claiming rights under
7  this Agreement, including but not limited to those employing the Dispute resolution
8  procedures set forth herein (the "Releasing Parties"), hereby release and forever
9  discharge Laguna Beach, as well as its present and former employees, agents,
10  managers, officers, directors, council members, insurance companies, attorneys,
11  departments, and divisions or affiliated entities, whether previously or hereafter
12  affiliated in any manner (the "Released Parties"), from and against any and all
13  claims, demands, causes of action, obligations, damages, attorneys' fees, costs, and
14  liabilities, arising from or relating to the events detailed in the lawsuit of any nature
15  whatsoever, whether or not now known, suspected, or claimed, which the Releasing
16  Parties, and/or any of them, have, or ever may claim to have, as against the Released
17  Parties, or any of them, whether directly or indirectly, relating to or arising out of (a)
18  the Action, (b) any claims raised in, or that could have been raised in, the Action, (c)
19  the availability of homeless shelters, shelter beds, and/or other homeless
20  accommodations in Orange County, (d) Laguna Beach's alleged obligation to
21  provide and/or fund such accommodations, and/or (e) Laguna Beach's alleged
22  inability to enforce any of the Ordinances identified herein (including but not
23  limited to any law that the Releasing Parties claim criminalizes a person's homeless
24  status), against any person because of his or her homeless status (hereinafter, the
25  "Released Claims"), conditional upon the provision of section 4.1.3, hereinabove.

26  **7.2**    The release set forth above is a release of ALL claims, demands,
27  causes of action, obligations, damages, and liabilities, of any nature whatsoever, and
28  is intended to encompass all known and unknown, foreseen and unforeseen, claims

that are possessed by the Releasing Parties and within the scope of the Released Claims based solely and only on the events giving rise to this Action.  To effectuate the intent of the Parties, the Releasing Parties expressly agree to waive and relinquish all rights and benefits they may have under Section 1542 of the Civil Code of the State of California, which reads as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

7.3     The Releasing Parties, and each of them, warrant that they have made no assignment, and will make no assignment, of any claim, chose in action, right of action, or any right, of any kind whatsoever, within the scope of the Released Claims, and that no other person or entity of any kind had or has any interest in any of the demands, obligations, actions, causes of action, debts, liabilities, rights, contracts, damages, attorneys' fees, costs, expenses, losses, or claims within the scope of the Released Claims.

8.     **Dismissal of the Action.**  At the conclusion of the Court's retained jurisdiction, Plaintiffs will take all necessary actions and file all necessary documents to effectuate dismissal of the Action, with prejudice.

9.     **Settlement Payments and Attorneys' Fees.**  All Parties, and all Releasing Parties, shall bear their own costs, expenses, and attorneys' fees in relation to or arising out of (a) the Action, (b) the resolution, negotiation, and settlement of the Action, including the negotiation of this Agreement, and (c) the implementation of this Agreement, including the resolution of any Dispute.

10.     **Non-Admission of Liability.**  By entering into this Agreement, Laguna Beach admits no liability, and explicitly denies any liability or wrongdoing of any kind arising out of or relating to any of the claims alleged in the Action.  Nothing herein constitutes an admission by Laguna Beach as to any interpretation of laws, or as to the merits, validity, or accuracy of any of the claims or legal contentions made

against it in the Action.  Laguna Beach has entered into this Agreement solely to avoid the time, expense, and risk of litigation.  The Parties agree that an express condition of this settlement is that there has been no finding of liability on the merits, and that this settlement and any document related to this settlement, including this Agreement and the Order, and the negotiations leading up to this settlement, shall be inadmissible in evidence and shall not be used for any purpose in this or any other proceeding except in an action or proceeding to approve, interpret, or enforce the Agreement.

11.   **Knowing and Voluntary.**  This Agreement is an important legal document and in all respects has been voluntarily and knowingly executed by the Parties.  The Parties, and each of them, specifically represent that, prior to signing this Agreement, (a) they have each been provided a reasonable period of time within which to consider whether to accept this Agreement, (b) they have each carefully read and fully understand all of the provisions of this Agreement, and (c) they are voluntarily, knowingly, and without coercion entering into this Agreement based upon their own judgment. Plaintiffs, and each of them, further specifically represent that, prior to signing this Agreement, they have conferred with counsel of their choice to the extent desired concerning the legal effect of this Agreement, and that the legal effect of this Agreement has been adequately explained to them.

12.   **Entire Agreement.**  This Agreement constitutes the entire agreement between the Releasing Parties and Laguna Beach regarding the matters discussed herein and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the Releasing Parties and Laguna Beach relating to the subject matter hereof. The Releasing Parties and Laguna Beach each acknowledge that no representations, inducements, promises, agreements, or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in this Agreement, that they have not executed this Agreement in reliance on any such representation,

1  inducement, promise, agreement, or warranty, and that no representation,

2  inducement, promise, agreement, or warranty not contained in this Agreement,

3  including, but not limited to, any purported supplements, modifications, waivers, or

4  terminations of this Agreement, shall be valid or binding, unless executed in writing

5  by all of the Parties to this Agreement. Any alteration, change, or modification of or

6  to this Agreement shall be made by written instrument executed by each party

7  hereto in order to become effective.

8      **13.**    **Warranty of Authority.**  Each individual or entity that executes this

9  Agreement represents and warrants, in his, her, or its personal capacity, that he, she,

10 or it is duly authorized and empowered to enter into this Agreement on behalf of the

11 party it purports to represent.

12     **14.**    **Counterparts.**  This Agreement may be executed in multiple

13 counterparts, each of which shall be considered an original but all of which shall

14 constitute one agreement.

15     IN WITNESS WHEREOF, this Settlement Agreement is hereby entered into

16 and executed by the Parties hereto on the dates set forth below.

17

18 Dated:  September 23, 2019          ORANGE COUNTY CATHOLIC WORKER

19

20                    By: _____

21                         Carol A. Sobel

22

23 Dated:  September 23, 2019          CITY OF LAGUNA BEACH

24

25                    By: _____

26                         John Pietig, City Manager

27

28

1  APPROVED AS TO FORM:

2

3  Dated:  September 23, 2019            LAW OFFICE OF CAROL A. SOBEL

4

5                                        By: _____

6                                             Carol A. Sobel

7                                        Attorneys for Plaintiffs

8

9  Dated:  September 23, 2019            ELDER LAW AND DISABILITY CENTER

10

11                                       By: _____

12                                            Brooke Weitzman

13                                       Attorneys for Plaintiffs

14

15  Dated:  September 23, 2019           RUTAN & TUCKER, LLP

16

17                                       By: _____

18                                            Philip D. Kohn, City Attorney

19                                       Attorney for City of Laguna Beach

20

21

22

23

24

25                                            .

26

27

28