UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| ORANGE COUNTY CATHOLIC WORKER, | Case No. 8:18-cv-00155 DOC (JDEx) |
|---|---|
| Plaintiffs, | **ORDER RE: MOTION TO FILE SUPPLEMENTAL COMPLAINT** |
| v. | |
| ORANGE COUNTY, et al., | |
| Defendants. | |

Before the Court is the motion by Plaintiff Orange County Catholic Worker ("OCCW") to file a Supplemental Complaint naming the City of Laguna Beach as a defendant directly in Orange County Catholic Worker, et al. v. County of Orange. The City was previously named as a defendant only in the cross-complaint filed by Intervenor City of Santa Ana.

On September 23, 2019, Plaintiff OCCW and the City of Laguna Beach filed a Notice of Settlement and Exhibit A, the signed Settlement agreement. The parties informed the Court that they had reached a Settlement subject to 1) the Court's approval of the terms, 2) the filing of a Supplemental Complaint adding Laguna Beach as a defendant by Plaintiff OCCW and 2) the entry of dismissal with prejudice, with the Court retaining jurisdiction to enforce the terms of the settlement for a period of time set forth in the Settlement Agreement.

The motion is made pursuant to Federal Rule of Civil Procedure 15(d). Federal Rule of Civil Procedure 15(d) provides that "[u]pon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed.R.Civ.P. 15(d). The rule vests the court with broad discretion to permit supplemental pleadings. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). It is a favored procedure because it furthers judicial economy and convenience. *Id.* Such pleadings "ought to be allowed as of course, unless some particular reason for disallowing them appears ..." *Keith*, 858 F.2d at 473 (quoting *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28-29 (4th Cir. 1963)).

To meet the showing required by Rule 15(d), a supplemental pleading need only bear "some relationship" to the "subject of the original action." *Id.* at 474. This is so even if the supplemental pleading adds new claims, so long as it would

"promote the economical and speedy disposition of the controversy." *Id.* at 473. Judicial efficiency is served when "the entire controversy between the parties could be settled in one action." *Planned Parenthood v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (per curiam) (internal edits and quotation marks omitted).

The Court finds that granting the motion in this instance will promote the prompt resolution of the entire controversy between the Plaintiff OCCW and Defendant City of Laguna Beach. There is no prejudice to any other parties to the action by permitting the Supplemental Complaint. *See* Wright, et al., Federal Practice and Procedure § 1504, at 186-87. *See also Keith*, 858 F.2d at 475.

The factors courts routinely consider in deciding whether to permit the filing of a supplemental complaint all weigh in favor of granting the motion in this instance. For example, a frequent concern arguing against the filing of a supplemental complaint is the need for extensive new discovery; however, the Ninth Circuit has found no prejudice if the supplemental complaint requires only "minimal further discovery" and most of the required information already exists in the defendant's own files. *See LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986).

In this instance, the parties also filed a settlement agreement, which further supports granting the motion. The parties request that the supplemental complaint be filed to permit the Court to consider approval of the settlement,

The Court believes that amendment would be not be futile as the proposed Defendant City does not oppose the filing of the supplemental pleading to facilitate a pre-litigation settlement in this action. *See Burka v. Aetna Life Ins. Co.*, 945 F. Supp. 313, 318 (D.D.C. 1996)

The Court finds that there is good reason to permit the filing of the Supplemental Complaint.

Accordingly, the Supplemental Complaint is ordered filed *nunc pro tunc*.

Dated: October 7, 2019

*/s/ David O. Carter*

UNITED STATED DISTRICT JUDGE

Lodged by:

LAW OFFICE OF CAROL A. SOBEL

      /s/   Carol A. Sobel
By: CAROL A. SOBEL
Attorneys for Plaintiffs