# ATTACHMENT A

BROOKE WEITZMAN SBN 301037
WILLIAM WISE SBN 109468
ELDER LAW AND DISABILITY
RIGHTS CENTER
1535 E 17th Street
Santa Ana, California 92705
t. 714-617-5353
e. bweitzman@eldrcenter.org
e. bwise@eldrcenter.org

MONIQUE ALARCON SBN 31165
AVNEET CHATTHA SBN 316545
LAW OFFICE OF CAROL SOBEL
CAROL A. SOBEL SBN 84483
725 Arizona Avenue, Suite 300
Santa Monica, California 90401
t. 310-393-3055
e. carolsobellaw@gmail.com
e. Monique.alarcon8@gmail.com

PAUL L. HOFFMAN SBN 71244
CATHERINE SWEETSER SBN 271142
COLLEEN M. MULLEN SBN 299059
SCHONBRUN, SEPLOW, HARRIS
 & HOFFMAN
11543 W. Olympic Blvd.
Los Angeles, California 90064
t. 310-396-0731
e. hoffpaul@aol.com
e. csweetser@sshhlaw.com

Attorneys for Plaintiffs

F I L E D
CLERK, U.S. DISTRICT COURT

7/23/19

CENTRAL DISTRICT OF CALIFORNIA
BY: D. Lewman DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| ORANGE COUNTY CATHOLIC WORKER,<br><br>Plaintiffs,<br><br>v.<br><br>ORANGE COUNTY, et al.,<br><br>Defendants. | CASE NO. 8:18-cv-00155 DOC (JDE)<br>FINAL 8:18-cv-00220-DOC (KESx)<br>[PROPOSED] ORDER RE: SETTLEMENT CERTIFICATION OF A 23(b)(2) CLASS, AND RETENTION OF JURISDICTION |

Att. A-2

Before the Court is the Proposed Order approving the joint Settlement entered into by all parties in *Orange County Catholic Worker, et al. v. County of Orange*, Case No. 8:18-cv-00155 DOC, and by the Peoples Homeless Task Force (PHTF), the organizational plaintiff in *Ramirez v. County of Orange*, Case No. 2:18-cv-01027. The Settlement incorporates by reference Attachment A, "Standards of Care" to be adopted and implemented by the County.

**Approval of the Settlement and Retention of Jurisdiction**

The Court has reviewed the Settlement and Attachment A signed by the parties. The Settlement signed by the parties, along with Attachment A, is hereby incorporated by reference in this Order A as though fully set forth hereat.

The Court retains jurisdiction to enforce the terms of the Settlement as agreed to by the parties, including implementation of the Dispute Resolution Process, for the period of time specified in the Settlement.

The Settlement provides that the parties will attempt to resolve the amount of attorneys' fees and costs to be paid to Plaintiffs' counsel, as well as the amount of damages to be paid to the individual Plaintiffs in *OCCW* and *Ramirez*. If the parties are unable to reach agreement on some or all of these issues, Plaintiffs will file a motion with the Court for reasonable fees and costs, as well as damages. The Court retains jurisdiction to consider such a motion.

**Certification of a Class Pursuant to Fed. R. Civ. P. 23(b)(2)**

Federal Rules of Civil Procedure 23 allows a court to certify a matter as a class action where "[o]ne or more members of a class ... sue ... as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. 23(a).

If each of the elements of Rule 23(a) is satisfied, the Court next considers whether and what type of class may be certified. The Court must evaluate whether "(1) prosecuting separate actions by or against individual class members would create a risk of: (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests." Fed. R. Civ. P. 23(b).

In addition, the Court must consider whether "(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Id.*

The Court has considered the following factors in determining that a class may be certified in this instance pursuant to Fed. R. Civ. P. 23(b)(2):

(A) the class members' interests in maintaining or defending separate actions on these issues are outweighed by the interests of the class in the benefit from the Settlement;

(B) the Court and the parties are unaware of any other litigation by or against class members concerning this controversy; and,

(C) concentrating the litigation of these claims before the Court is desirable to facilitate a consistent and regional solution to a significant issue affecting multiple communities;

1     Pursuant to the terms of the Settlement and Federal Rules of Civil Procedure
2 23(b)(2), the parties stipulated to, and request the Court approve, the certification
3 of a Class of Plaintiffs defined as:
4     "All current and future homeless individuals located in the Northern and
5     Central SPA of the County."
6     The Court accepts the definition of the injunctive relief class proposed by
7 the parties and understands that the definition is intended to be as broad as possible
8 to incorporate the claims, issues and defenses raised by the operational pleadings in
9 both *OCCW* and *Ramirez* that are the subject of, and agreed to, in the Settlement
10 and Attachment A. Specifically, the Settlement incorporates a Dispute Resolution
11 Process to resolve any issues arising from the matters covered by the Settlement
12 and Attachment A during the period of the Court's retained jurisdiction. The
13 Settlement provides that, for any disagreement concerning a matter covered by the
14 Settlement, including procedures in Attachment A, notice of the Dispute
15 Resolution Process and the availability of Plaintiffs' counsel to provide assistance
16 will be given to any person experiencing homelessness who has such a dispute.
17     The Court finds that the defendant has acted or refused to act on grounds
18 that apply generally to the class, so that final injunctive relief is appropriate
19 respecting the class as a whole. Fed. R. Civ. P. 23(b). Because the primary relief
20 sought by Plaintiffs in and provided by the Settlement is injunctive relief, class
21 certification under Rule 23(b)(2) is appropriate. *Zinser v. Accuflix Research Inst.*
22 *Inc.*, 253 F.3d 1180, 1195 (9th Cir. 2001). Although the individual plaintiffs in
23 *OCCW* and *Ramirez* seek monetary damages, the benefit to the class is solely
24 injunctive relief. The Court finds that the individual damages are "merely
25 incidental to [the] primary claim for injunctive relief." *Id.*
26 **<u>Appointment of Class Counsel</u>**
27     Pursuant to Fed. R. Civ. P. 23(g), the Court must appoint counsel to
28 represent the interests of the class members and prosecute the case. The Court

appoints attorneys Carol Sobel for *OCCW* and Lili Graham for *Ramirez* as class counsel. The Court has had the opportunity to engage with each extensively during the course of this litigation and is confident that they will fulfill the obligations of class counsel capably and responsibly. In making this selection, the Court considers the following factors: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 26(g)(1)(A).

**Notice to the Class Is Waived**

"For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A). The requirement to provide notice of a class settlement certified under Rule 23(b)(2) is within the discretion of the Court. The Court finds in this instance that the class may be certified without notice to the putative class members.

Accordingly, for the foregoing reasons, the Court approves the Settlement entered into by the parties and enters this Order, retaining jurisdiction to enforce the terms of the Settlement Agreement during the period of time set out in the Agreement.

Dated: July 23, 2019

_____
UNITED STATES DISTRICT JUDGE

Lodged by:

LAW OFFICE OF CAROL A. SOBEL

/s/ Carol A. Sobel
By: CAROL A. SOBEL

Att. A-6
5