**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OMA'S ANGEL FOUNDATION; THIEN CHI BUI, "Patrick", | No.    22-55894 |
| Plaintiffs-Appellants, | D.C. No. 8:18-cv-00155-DOC-JDE |
| v. | MEMORANDUM[*] |
| ORANGE COUNTY CATHOLIC WORKER, an unincorporated association, | |
| Plaintiff-Appellee, | |
| and | |
| CYNDI UTZMAN; DEBORAH KRAFT; WENDY POWITZKY; JOSHUE OGLE; CATHERINE L. MOORE; CALLIE RUTTER; CITY OF STANTON, | |
| Plaintiffs, | |
| v. | |
| ORANGE COUNTY; CITY OF ANAHEIM; MERCY HOUSE LIVING CENTER, | |
| Defendants-Appellees, | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

CITY OF COSTA MESA; CITY OF BREA; CITY OF BUENA PARK; CITY OF CYPRESS; CITY OF FULLERTON; CITY OF LA HABRA; CITY OF LA PALMA; CITY OF PLACENTIA,; CITY OF VILLA PARK; CITY OF YORBA LINDA; CITY OF LOS ALAMITOS; CITY OF BELLFLOWER; CITY OF LAGUNA BEACH; CITY OF WHITTIER; CITY OF TUSTIN; CITY OF LAGUNA NIGUEL,

Defendants.

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted January 9, 2024
Pasadena, California

Before:  RAWLINSON, MELLOY,[**] and H.A. THOMAS, Circuit Judges.

Oma's Angel Foundation (the Foundation) and Thien Chi "Patrick" Bui

appeal the district court's May 4, 2022, order accepting jurisdiction over their

claims brought in state court. We have jurisdiction to review final orders, including

orders enforcing or interpreting settlement agreements, under 28 U.S.C. § 1291.

*See, e.g.*, *O'Connor v. Colvin*, 70 F.3d 530, 531 (9th Cir. 1995). Because we

---

[**]     The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

2

determine that the district court lacked jurisdiction over this case,[1] we vacate this matter and remand with instructions that the case be returned to state court.[2]

We find no basis for this suit having been heard in the district court. Neither party filed a motion to remove the case pursuant to 28 U.S.C. § 1446. Instead, the parties appeared in federal court after the state court stayed an ongoing state action pending the outcome of a dispute resolution process available in a separate federal lawsuit. The district court subsequently ordered that it, rather than the state court, would assume jurisdiction over all injunctive and declaratory relief claims in the case, while remanding the parties' damages claims to state court. No federal law or procedure permits a state lawsuit to be resolved in federal court in this manner.[3]

**VACATED AND REMANDED.**

---

[1] We **DENY** the parties' motions for judicial notice, filed on January 5, 2023; May 5, 2023; and May 11, 2023.

[2] Each party shall bear its own costs on appeal. Fed. R. App. P. 39.

[3] As we find that the district court lacked jurisdiction over this action, and Bui has standing to appeal, we need not address the question whether the Foundation has standing to appeal despite its not being a party in the district court.